Susan Mayburry, Appellant, *v.* John M'Pherson Brien, and others, Appellees.

Dower.—Dower is a legal right; and whether it be claimed by suit at law or in equity, the principle is the same. On a joint tenancy, at common law, dower does not attach.

No title to dower attaches on a joint seisin of real estate. The mere possibility of the estate being defeated by survivorship, prevents dower.

If the husband, being a joint tenant, convey his interest to another, and thus at once destroy the right of survivorship, and deprive himself of the property, his wife will not be entitled to dower.

The time of the delivery of a deed may be proved by parol.

By the common law, dower does not attach to an equity of redemption. The fee is vested in the mortgagee, and the wife is not dowable of an equitable seisin.

When the husband takes a conveyance in fee, and at the same time mortgages the land back to the grantor, or to a third person, to secure the purchase money in whole or in part, dower cannot be claimed as against rights under the mortgage. The husband is not deemed sufficiently or beneficially seised by an instantaneous passage of the fee in and out of him, to entitle his wife to·dower as against the mortgage.

It is the well established doctrine, that of a seisin, for an instant, a woman shall not be endowed.

APPEAL from the Circuit Court of the United States for the district of Maryland.

The case was presented to the Court on a printed statement, and a printed argument by Mr. Mayer, for the appellant; and was argued by Mr. Meredith and Mr. Nelson, for the appellees.

A bill was filed in this cause by the appellant, as widow of Willoughby Mayburry, claiming dower from John Brien, purchaser of the estate, in real estate, in Frederick county, designated as "The Catoctin Furnace, and all the lands," (described by the names of tracts,) "annexed or appropriated to it," and also claiming rents and profits from the death of Willoughby Mayburry. The real estate in question was conveyed by Catharine Johnson, Baker Johnson, and William Ross, as executors of Baker Johnson, to Willoughby Mayburry and Thomas Mayburry, by deed, dated 5th March, 1812. By deed,

[Mayburry *v.* Brien et al.]

dated 9th March, 1813, Thomas Mayburry conveyed to Willoughby his undivided moiety in the estate; and by deed of the same date, Willoughby mortgaged to Thomas, all his (Willoughby's) interest in the Catoctin Furnace, and the lands attached to it, to secure payment of certain obligations from Willoughby to Thomas. The answer admits the marriage of the appellant, and the death of Willoughby; and that she was married to him when the deed to Willoughby and Thomas was executed; but it insists that, simultaneously with the delivery of the deed, a mortgage was executed by Willoughby and Thomas to the grantors in the deed, to secure a part of the purchase money, payable by them for the estate. The answer further states, that the mortgage was foreclosed; and that, under the decree, the respondent, John Brien, became purchaser of the estate; and the answer insists that the plaintiff was not entitled to dower in the property. The mortgage, which the answer speaks of, is dated the 19th March, 1812, fourteen days after the date of the deed to Willoughby and Thomas. The only testimony taken in the case was William Ross's; which was taken subject to all exceptions to its admissibility and effect. His testimony is, in substance, that the estate was sold by him and his co-executors, to the Mayburrys, for thirty-two thousand dollars; that part was paid in hand, and that, for the residue, a credit was stipulated, to be secured by mortgage; that the deed to the Mayburrys was prepared and executed, and acknowledged on the 5th March, 1812, by himself and the other executors; and that he then retained it, to be delivered on receiving payment of the cash part of the purchase money, and receiving from the Mayburrys their mortgage; that the mortgage was executed by them on 19th March, 1812, and that when executed, the deed was delivered to them, and the mortgage was received from them; and that, as witness says, "the delivery of the deed and the mortgage were simultaneous acts." The desposition also states, that the deed of Thomas to Willoughby, and the mortgage from Willoughby to Thomas, were simultaneous acts. The transcript of record of the foreclose of the mortgage was exhibited in evidence, subject to all exceptions.

During the cause, the original defendant, John Brien, died, and his heirs were made parties by bill of revivor. A decree (pro

forma) was passed, dismissing the bill. The mortgage of the Mayburrys to the executors of Baker Johnson, has a covenant on the part of the Mayburrys, that after default in payment of the mortgage debt, the property shall remain to the mortgagees, free and clear of all mortgages, judgments, charges, or encumbrances whatsoever; and also a covenant of the mortgagees, that until default in payment of the mortgage debt, the Mayburrys "are to continue in full possession of the premises aforesaid, enjoying all the rents and profits thereof, to their own particular use and benefit."

The counsel for the appellant contended,

1st. That the deed of the executors of Johnson to the Mayburrys, when the subject-matter of the conveyance is regarded, must be construed to create a tenancy in common, and not a joint tenancy.

2d. That the rule which denies dower in case of joint tenancy, applies only in behalf of the surviving joint tenant, and to prevent interference with his enjoyment of the estate as survivor: and that therefore if the deed created in the Mayburrys a joint tenancy, the plaintiff here may call in aid the release to her husband of the other joint tenant's interest in the property.

3d. That no evidence was admissible to show that the deed to the Mayburrys was not delivered when it bears date, for the purpose of contradicting the terms of the deed which vests in the Mayburrys the beneficial interest in the property.

4th. That the principle which excludes dower in a case of merely instantaneous seisin, applies only where the grantor acts in carrying out a naked trust and a simply instrumental part, and not where any interest, immediate or contingent, attaches to the grantee under the conveyance. That it cannot apply to a case of a purchaser who mortgages, and especially when part of the purchase money, as in this instance, is paid when the mortgage is given; the proper view in such case being, that legal assurances being adopted, their strictly legal and intrinsic import is to prevail, without blending them together by any equitable construction.

5th. That there is no evidence of any contract whatsoever, making the delivery of the deed of the executors dependent on a mortgage being delivered at the same time; and that, according to the true understanding of all that transpired, the deed of the

executors remained in Mr. Ross's hands as a deed, and not as an escrow, and was left by his co-executors with him as if a stranger, and had relation, when actually delivered, to the date when it was handed to Mr. Ross to be retained.

6th. That in the absence, especially, of all contract for a simultaneous delivery, the conveyance to the Mayburrys must be regarded as vesting in them the beneficial use of the estate, although for an instant, and if so, there was a seisin which gave rise to dower; and that this must be the result, even independently of the covenant with the Mayburrys for their use and enjoyment of the estate until default, as contained in the mortgage; and that the covenant characterizes the seisin, not only as beneficial, but as virtually continuing.

Mr. Mayer, in a printed argument, stated:

The terms of the deed to the Mayburrys, from the executors of Johnson, import joint tenancy in the Mayburrys; but if the peculiarity of the property conveyed is considered, it is believed that there will be no difficulty in concluding that only a tenancy in common was created. The property conveyed was a furnace establishment, and the land is given as virtually incident to that manufactory, and subservient to the business. It is settled that real estate conveyed to several parties for partnership purposes, or which is useful only for some business, is held by the parties as tenants in common, and not as joint tenants. The nature of the subject conveyed is enough to show why it was acquired, and it is unnecessary to prove any actual use for a joint enterprise; in the absence of such direct proof, the law inferring the intended appropriation from the character and capacity of the property. In none of the cases has proof of an agreement to purchase for partnership purposes been required. In the cases, in fact, now cited here, no such agreement did appear. Lake *vs.* Craddock, 3 P. Wms. 158. 15 John. R. 159. 9 Ves. Jr. 500. A manufactory was here conveyed to two. In the absence of contrary proof, it is to be understood to have been acquired to be used— and if used by the two parties for its natural purposes, the use of it would make them partners in its business. It is the principle of the common law which in favour of trade excludes survivorship, where property owned by two is used or useful only for

trade or business; and to no instance could it apply more forcibly than to the instance of a furnace. Thus, too, where two persons hold a ship together, although not general partners, nor even shown to have used it, the control of a surviving partner to sell is not permitted to the survivor of the owners—the property being deemed a tenancy in common. Even that ordinary control of a surviving partner is only given as a matter of necessity in the instance of the merchandise of the partnership and the partnership claims:—and in such case he is allowed to act in reference to the interest of the deceased as a trustee. If the estate here was a tenancy in common, dower of course attached; unless the seisin was not of a character to allow it. In this country every construction should oppose joint tenancy, and particularly in Maryland, which has abolished it by act of 1822, ch. 262.

In this case the interest of the other party was released to the husband of the appellant. It might be contended that dower is denied in joint tenancy only in behalf of the surviving tenant; and that, subject only to his supervening right, there is an incipient dower interest in the wife in cases of joint tenancy as in tenancies in common. If that were so, the release here would establish the dower claim. There is no case that has been found, which fixes, in terms, the law that the exclusion of dower in joint tenancies is general as to all, and not of limited reference only to the *paramount* right of the survivor. Park, in his Treatise of Dower, page 40, adverts to the subject, in the same view now taken. The absolute position that where joint tenants convey, no dower accrues, is traceable to Fitzh. N. B. 150, which refers to 34 Ed. 1,—but the treatises do not give the particulars of the latter case. They will, no doubt, appear to have presented only the question of the survivor's rights; and not to decide that the estate of joint tenancy is incompatible with an incipient dower interest while the joint tenancy lasts.

Where elementary writers have attempted to give reasons for the rule, as an unqualified position, that an estate conveyed by joint tenants excludes dower, they do not comprehend any interest in their rationale, except that of the surviving joint tenant. Gilb. Uses, 404. Perk. sec. 500. But whatever might be the understanding of the rule in question, properly considered, was there, in this instance, by the mortgage, so consummate a trans

fer of the estate as to leave no interest upon which the subsequent release of Thomas to Willoughby Mayburry might operate to the effect of assuring the appellant dower in the land, paramount to the estate or claim of the mortgages? In determining this point, it should be borne in mind, that dower is *ex provisione legis,* and not an interest under the husband. 8 Co. 71. 6 Co. 41. What divestiture of estate did the mortgage effect? It is now settled, even at common law, that the mortgagor is deemed the continuing owner of the estate and in seisin of it; and that as to all the world except in respect of the remedy of the mortgagee who has the estate, (especially in Maryland, where foreclosure is not allowed, but only a sale,) only to be enabled to transfer it. Norton *vs.* Willard, 4 Johns. R. 41, and the English authorities there cited. Hitchcock *vs.* Harrington, 6 Johns. R. 290. Collins *vs.* Terry, 7 Johns. R. 278. Titus *vs.* Nelson, 5 Johns. C. R. 452. In other words, the mortgagee's estate is virtually only a power coupled with a conditional interest; the accrual of the interest being dependent on the default in payment of the mortgage debt. That is especially the true version in such a case as this, where the mortgagors have expressly reserved an estate in the land until default of payment. They are, until the default "to continue in full possession;"—in other words, to retain the possession they had, which was of a fee simple seisin.

The mortgage deed in this case is, in effect,—looking to the covenant, or limitation in form of covenant, for a continuing seisin,—only a covenant to stand seised to uses on part of the mortgagors: the first use limited being to the mortgagors and their heirs, until default of payment: and according to our Maryland decisions, so thoroughly would the mortgagors be deemed to be in of their original estate, that, even at law, the mere fact of payment, without any conveyance or release, would suffice to make their estate absolute against the mortgagors. 3 Har. & M'Henry, 399. Thus interpreting the mortgage in this case, what is there to prevent Thomas's release to Willoughby, of his undivided interest, operating so as to attract dower to Willoughby's enlarged estate, even admitting the rule, in its most absolute extent which excludes dower from estates in joint tenancy, It is only necessary to keep in view, that dower is the gift of the law,

[Mayburry v. Brien et al.]

to see that such may be the consequence of the release. Suppose, in a covenant to stand seised to uses, first limiting a defeasible estate to the grantor in fee, that there was but a sole grantor, would dower attach to the first estate so limited, although defeasible in the event of money not being paid, or any other act not being performed? Except where the determinable estate is strictly on condition, the decisions would sustain the claim of dower, as an estate tacitly granted by law, and an extension of the inheritable character of the determined estate—to use the explanation given in 8 Co. 71, of the grant of dower in such instances. Dower in such cases accrues, whether the first estate to which it is thus given determines by limitation generally, or by a conditional limitation. If such be the law, where there is a sole grantor, what more is necessary in case of a limitation, as here, by two, than that one should release to the other, and so lay a foundation of dower; it being only the interest of survivorship which shuts out dower? 1 Leon. 167. 1 And. 184. 8 Co. 67. 3 Bos. and Pull. 652. Co. Litt. 216. Sugd. Pow. 331. 4 Taunt. 334. 1 Roper, Hus. and Wife, 37—40.

Our proposition is, that, regarding the continuing right of a mortgagor, as now recognised at law, as well as in equity, and especially the reserved precedent estate of the mortgagors in this case, the release of his co-tenant to Willoughby availed for the benefit of the wife to give her dower; and such, we may maintain, must be the result, even if to estates ending by conditional limitation dower does not attach. There was no entire divestiture of the joint estate, and as the law gives the dower and supposes land, even in joint tenancy, to be susceptible of dower interest by a simple action between the joint tenants, the remaining, though qualified, fee in the mortgagors, here, was a basis upon which the law would make the co-tenant's release effectual for a dower interest to the wife of the releasee. This case is not, then, like that where an absolute conveyance is made by joint tenants of their entire estate; and this construction should be favoured in Maryland, where our statute law allows dower in an equity of redemption. Act of 1818, ch. 193, sec. 10. If, therefore, a joint tenancy was created, and not, as we insist, only a tenancy in common, still dower attached by force of the joint tenant's release to Willoughby.

Proceeding to the objection that here was only an instanta-
neous seisin which did not give rise to dower, we deny that, the
deed being not only dated but acknowledged at a considerable
interval, it is competent for the appellees to adduce testimony
contradicting that purport of the instruments, and that the in-
quiry is open on which the objection is to be entertained. The
acknowledgment precludes the plea of non est factum, and
shows, by estoppel, that, when acknowledged, the deed of the
executors to the Mayburrys was the deed of the former, it being
acknowledged as the deed.    1 Cranch, 239—remark of Chase, J.,
p. 248.    The acknowledgment seals all question as to the period
of the instrument becoming the complete deed of the grantors.
It was in intendment of law certainly so, at the date of the
acknowledgment.    That date being thus established, the differ-
ence of dates between the deed of the executors and the mort-
gage banishes all question as to simultaneous completion of the
instruments as deeds of the parties; for no case attempts to ex-
clude dower where the deeds are not delivered literally at the
same time.    No testimony will be allowed to contradict the tenor
of the acknowledgment.    3 Har. and M'H. 321.    Apart from
the consideration of the acknowledgment, it is insisted that the
effect of the testimony as to simultaneous delivery being contra-
dictory to the varying dates, and tending to contravene the terms
of the deed, (inasmuch as the deed of the executors would, by
that testimony, operate only as a conditional conveyance, instead
of being absolute, as its words declare,) the testimony is inad-
missible.    Dixon *vs.* Swigart, 1 Har. and Johns. 252.    Schemer-
horn *vs.* Vander Heyden, 1 Johns. R. 139.    Howes *vs.* Barker,
3 Johns. R. 506.

But assuming even that the face of the two instruments would
argue a simultaneous delivery; it is insisted that a beneficial in-
terest, although enjoyed for an instant, vested in the vendees, and
dower was accorded by law immediately.    The cases that favour
the pretension of the appellees, all admit that a beneficial seisin,
for an instant, even, creates dower: but the case of a deed
and a mortgage back, has been strangely, in the view of some
judges, confounded with the case where an instantaneous
seisin is had by a party whose only connexion, immediate
or ultimate, with the estate, is to transfer it to another; and

[Mayburry v. Brien et al.]

where the deed to him in fact is a mere ceremony; and his agency is that of a mere instrument for another ulterior object. Thus the seisin of a trustee, who discharges his function by an immediate conveyance to another, is no foundation for dower. But had the mortgagors here no beneficial interest? The very mortgage implied an interest in them; especially, according to the import now assigned to a mortgage. It is difficult to conceive how the vendee, in such a case, can have all his interest construed away, upon the fancied analogy of a defeasance being indicated by the mortgage. 1 Thomas's Co. Litt. 576, 577, note. 2 Bac. Abr. 371, tit. Dower. 2 Bl. Com. 132. The opinion of Mr. Justice Thompson, in Stow vs. Tift, 15 Johns. R. 458, fully exhibits the true limits and principle of the rule of instantaneous seisin excluding dower. Our only Maryland decision is M'Cauley et al. vs. Grimes and Wife, 2 Gill and Johns. 318. That decision very carefully excludes the idea that instantaneousness of seisin is, per se, inconsistent with dower, and establishes that the slightest and most fleeting beneficial interest will fix the dower; denying it, however, in that case, because the grantee there was performing the part of a mere trustee, and was the mere medium of an interest for others. He was not a mortgagor whose mortgage implied an abiding interest, and at least a resulting use. The case of Nash vs. Preston, referred to in Mr. Justice Thompson's decision, in 15 Johns. R. (Cro. Car. 190) clearly marks the principle by which every case of instantaneous seisin, in its bearing on dower claims, is to be tested. There land was conveyed under an agreement that it was to be redemised to the grantor; which was done. The Court determined that dower attached, because an estate vested in the husband; without which the redemise would have been unmeaning and inoperative. And so here—how can the mortgage avail unless the estate has vested which it proposes to convey? And to show the beneficial interest assured to the vendees, here, even by the mortgage, let one recur to the covenant for the mortgagees "to continue in full possession" until default of payment.

The parties here adopted legal conveyances. The first imports an interest vested in the vendee. The second, assuming such an interest to continue in the vendee, transfers it in mort-

c 2

gage. Being legal assurances, why is not the law to attach all
its incidents, and affect the parties by all the implications which
spring from the contents of the instruments, which, in their legal
purport, profess to operate distinctly and as successive assurances?
If, according to that distinctive import and operation, dower
incidentally accrues, will that consequence be understood to be
within the view and agreement of the parties? Will not the law
infer that result to be their wish, from their having chosen such
forms of assurances? The maxim of law is, that what arises by
implication is as forcible and binding as what is expressed. Why,
then, we ask, is not the intrinsic import of the instruments, re-
spectively, to prevail? How, as legal assurances, in due deference
to their respective terms, can they be blended into one instrument?
The law will understand that dower was meant to be conferred
when that form of assurance is not adopted which would have
excluded it. If to be excluded, a mere bond of conveyance might
have been chosen; or a deed of trust, appointing a trustee to
convey on payment of the purchase money. A case like this is
not to be assimilated to a defeasance made at the same time
with a conveyance, though by a distinct instrument; for a defea-
sance in terms qualifies the original estate conveyed, while the
mortgage here assumes that the land, according to the estate
expressed in the conveyance to the mortgagors, was passed to
them fully, and then appropriates that certain estate to the benefit
of the mortgagee in a certain event. If the mortgage provisions
are supposed to be embraced in the actual original conveyance
to the mortgagor, the compound instrument would, as a legal
instrument, be utterly inoperative; because one portion would be
repugnant to the other. It would in one part be a deed for the
vendor, and yet in another be a deed for the vendee, and yet is
required to operate as but one conveyance, and for one aim; and
the deed must, therefore, on this supposition of a single convey-
ance, by its very terms, import that there is no estate conveyed
by the mortgagor: and the vendor, therefore, remains owner as
he was before, and no effect is produced whatsoever; and the
nugatory instrument contradicts itself. Such is not the case with
the operation of a defeasance, properly so called.

In all the inquiries on this head, where the effect of instan-
taneous seisin has, as we think, been misunderstood, there is one

error committed; and that is, that the wife is treated as a party to the supposed agreement for a supposed defeasance, and as coming in under all equities, latent or otherwise, of the husband; while the truth is, that she is to be regarded as a stranger, so far as the law takes care of her interest and endows her; and as utterly independent of the husband. 8 Co. 71. And, besides that, an equity is assumed for the parties, and it is taken for granted that they meant what the legal import of the conveyances does not show. For, suppose an agreement even be proved for a mortgage to be simultaneously delivered, if, ex vi acti, the dower attaches, dower would not, as part of the equities, be deemed to be excluded; and to establish the equity, an agreement for the exclusion must explicitly appear. That certainly should be so, where, as in this instance, an important portion of the purchase money is paid, and a large equitable interest is thus secured to the purchaser. Of so independent and permanent a character is the wife's claim for dower, that no provision in a deed to the husband for excluding it, where a heritable estate is conveyed, is valid; however conditional even the provision may be. 6 Co. 41. Dy. 343, ᵇ. Shep. T. 128. Co. Litt. 224.

We should bear in mind that a part of the purchase money was paid at once, and that an interest in the estate thus immediately accrued to the Mayburrys. When thus connected with the property, and so far owners of it, is it not assuming too much to construe these parties into mere trustees, who have only lent their names to let an estate pass that medium without leaving a beneficial trace behind? It is only the instantaneous seisin of such uninterested agents which excludes dower claim; and any contrary decisions have proceeded upon misapprehension of the true principle.

Whenever, however, the decisions which have so confounded this principle have denied dower, there has been evidence of a contract for simultaneous delivery of conveyance from vendor, and of mortgage; if we except only the case of Stow *vs.* Tift, 15 Johns. Rep. There is on this head a total absence of testimony in the present case. Without such contract appearing clearly, what ground can there be for the constructive defeasance which the mortgage is supposed to operate? At all events, however, there is no evidence that the deed was delivered as an escrow.

If, in terms, a deed be not so delivered, it may have its operation suspended while retained to abide some event; but when it does operate, it has effect, by relation, from its date. This is the distinction between the effect of the suspended operation of an instrument reserved as a deed, and of one held as an escrow. 2 Mass. R. 447. 9 Mass. R. 307. 13 Johns. R. 285. 1 Johns. C. R. 288. 18 Johns. R. 544. 4 Day. R. 66. Here was the acknowledged deed of all the parties, left, after being thus perfected, in the hands of one, with no stipulation to make it an escrow, but parted with by them as their deed, and Mr. Ross thus made only their agent to deliver it. We may, therefore, justly insist that, though reserved for a while, yet, when literally delivered, the instrument operated from its date, according to the decisions now referred to. If such be the legal import of what transpired, the dower claim is to be regarded here as if there were an express provision in the deed of mortgage, that the operation of the deed to the Mayburrys was to be deemed to begin from its date. In that event there can be no doubt of the validity of the present demand.

Mr. Meredith and Mr. Nelson, with whom was Mr. Schley, contended that the decree of the Circuit Court ought to be affirmed:

1st. Because the complainant was not dowable of the lands described in the conveyances exhibited in the record, her husband, Willoughby Mayburry, never having been sole seised of the legal title therein.

2d. And because the seisin of her said husband, if sole, under said conveyances, was instantaneous.

For the appellees, it was argued:

The deed of the 5th of March, 1812, from the executor of Johnson to Thomas and Willoughby Mayburry, created either a joint tenancy, or a tenancy in common. Upon either construction, the appellant is not entitled to dower.

1st. The grantees under this deed took as joint tenants.

If the appellant had sought his remedy in a Court of Law, there can be no question, that such would have been the construction. A grant to two or more, and their heirs, without any

restrictive, exclusive, or explanatory words, constitutes the grantees joint tenants. 2 Bl. Comm. 179. 191, 192. Watk. on Convey. 86; 20 Law Lib. 30.

The same rule of construction prevailed in Maryland, until the year 1822; when a law was passed, declaring that no deed or will should be construed to create an estate in joint tenancy, unless by express words.

If a Court of Equity would in ordinary cases give a different construction to this deed, it would still adhere to the legal construction, in a case of dower. Dower is a mere legal right; and Courts of Equity in assuming a concurrent jurisdiction, professedly act upon the legal right and proceed in analogy to the law. 1 Story's Equity, 585.

But, independently of this distinction, Courts of Equity invariably hold legacies, gifts, grants, &c., to be joint, unless from the nature of the contract, or from the words, some intention of severance appears. 3 Vesey, Jr. 630. There are no words of severance in this deed. Nor is there any thing in the character of the property, from which an intention may be deduced to create a tenancy in common. The object of the purchase is not explained. There is nothing in the deed, from which it may be intended, that the parties meant to carry on the furnace as partners. There is no proof out of the deed, that they were partners, either before or after the purchase; or that the furnace was put into operation at all. The Court cannot infer the fact, from the mere circumstance that the property sold consisted in part of a furnace. The authorities cited by the appellant's counsel, have no application to this case.

2d. If the deed created a joint tenancy, then no title to dower attached during its continuance. Park on Dower, 18; 11 Law. Lib. Watkins on Convey. 15; 20 Law. Lib. 4 Kent's Comm. 37. 1 Roper, Hus. and Wife, 362. The seisin of the husband must be sold. The mere possibility of survivorship absolutely excludes an incipient title in the wife. In case of survivorship the survivor claims paramount the widow's title, viz.: by the original conveyance. And even where one joint tenant aliens his share, his wife is not dowable; although the possibility of the survivorship of the other joint tenant, is destroyed by the severance; the seisin of the husband being but for an instant.

3d. The joint tenancy in this case was not severed by the mortgage of the 14th March, 1812. The Mayburry's then parted with their whole legal interest, and retained the equity of redemption merely. Of this they were joint tenants. If they had redeemed the mortgage, their joint legal seisin would have revived. They would have been in, as of their former estate. If either had died before redeeming, the survivor would have been entitled by the jus accrescendi, to the whole equity of redemption. And if he had afterwards redeemed, he would have become solely seised of the legal estate.

4th. The deed of the 9th of March, 1813, from Thomas to Willoughby Mayburry, passed only the equity of redemption in one undivided half. The whole equity of redemption, therefore, was vested in Willoughby Mayburry. And if he had redeemed, he would have had the sole legal seisin, in which, undoubtedly, dower would have attached. But he did not redeem. The mortgage was foreclosed in his lifetime, and his equitable estate was extinguished. Upon this equitable estate, no dower attached. For, though by the act of the Maryland legislature, passed in 1818, widows are dowable of equitable estates, their right does not operate to the prejudice of any claim, for the purchase money of the lands, or other lien on the same. In this case, besides the mortgage for the purchase money, there were other liens, which exhausted the whole proceeds of sale, and left a large deficiency.

As between mortgagor and mortgagee, and those claiming under him, the former is to be regarded as the equitable, the latter as the legal owner of the mortgaged property; and as to him, no title of dower can attach. The proviso in the mortgage to the executors of Johnson, that, until default, the grantors should hold the land, and receive the profits, gave them no continuing seisin in fee, but constituted them only tenants for years, to the mortgagees. Cook on Mortgages, 325–327; 18 Law Lib. 140, 141.

5th. If the deed of the 5th of March, 1812, created a tenancy in common, still the appellant is not entitled to dower, because the seisin of the husband was an instantaneous transitory seisin, on which dower does not attach. Co. Litt. 31 b. Park on Dower, 20, 21. 4 Kent's Comm. 38. Cro. Car. 190. 1 Atk. Rep. 442.

The same doctrine applies, when the husband takes a convey-

ance in fee, and at the same time, mortgages the land back to the grantor to secure the purchase money in whole or in part. 4 Kent's Comm. 39.

This application of the doctrine of instantaneous seisin, is sustained by all the American cases. 4 Mass. Rep. 566. 14 Mass. Rep. 351. 15 Johns. Rep. 458. 1 Bay's Rep. 312. 1 M'Cord's Rep. 279. 4 Id. 346. 2 Gill and Johns. Rep. 318.

In this case, although there is an interval between the dates of the two deeds, the proof is, they were both delivered at the same time. They were simultaneous acts. They both took legal effect from the 14th of March, 1812, and not before. The deed was executed and acknowledged on the 5th of March, and retained by Mr. Ross, ready to be delivered when the mortgage was delivered. Leaving it in his hands, did not amount to a delivery. That is a question of intention, to be collected from all the circumstances. 2 Barn. and Cress. 82. 1 Johns. Cases, 114. The whole transaction shows that the executors looked to the mortgage, as their only security for the unpaid part of the purchase money. Besides, the inference from the evidence is, that by agreement of the parties, the delivery of the two deeds was to be simultaneous. This evidence is clearly admissible; because it does not contradict, but tends to confirm and establish the deed. Goddard's Case, 2 Rep. 4 b. Stone v. Ball, 3 Lev. 348. Hall v. Cazenove, 4 East, 477.

Mr. Justice M'LEAN delivered the opinion of the Court.

This is a suit in chancery, which is brought before this Court, by an appeal from the decree of the Circuit Court of Maryland.

The complainant is the widow of Willoughby Mayburry, and claims dower from John Brien, who purchased an estate, designated the Catoctin Furnace, and all the lands annexed or appropriated to it. She also claims rents and profits from the death of her husband. This estate was conveyed by Catharine Johnson, Baker Johnson, and William Ross, as executors of Baker Johnson; to Willoughby, and Thomas Mayburry, by deed, dated the 5th March, 1812; and they executed a mortgage on the same, to receive the principal part of the purchase money The 9th March, 1813, Thomas Mayburry conveyed to Willoughby, his undivided moiety in the estate; and at the same

time, the grantee executed a mortgage on the estate, to secure the payment of the purchase money.

The answer admits the marriage of the complainant, prior to the execution of the conveyance and mortgage, in 1812; and the death of the husband, which occurred subsequently.

Brien having deceased, his heirs were made parties to the suit.

The Circuit Court dismissed the bill, and the counsel for the defendants ask the affirmance of that decree on two grounds.

1. Because the estate vested in Willoughby and Thomas Mayburry was a joint tenancy, and not subject to dower.

2. That the mortgage was executed by Willoughby Maybury to Thomas, simultaneously with the delivery of the deed from Thomas to Willoughby, and that dower does not attach to a momentary seisin.

The counsel for the complainant insists, that the deed of the executors of Johnson to the Mayburrys, created a tenancy in common, and not a joint tenancy.

It is admitted that the terms of this deed import a joint tenancy; but it is insisted, that the nature of the property, and the circumstances of the parties, show a tenancy in common. That real estate conveyed for partnership purposes constitutes an estate in common; and that the conveyance of this furnace, and the land incident to it, was for manufacturing purposes, and comes within this definition. No evidence being given on the subject, the counsel relies upon the above considerations, as fixing the character of the estate.

In the case of Lake v. Craddock, 3 P. Wms. 159, the Court held that survivorship did not take place, where several individuals had purchased an estate, which was necessary to the accomplishment of an enterprise in which they were engaged. That the payment of the money created a trust for the parties advancing it, and that as the undertaking was upon the hazard of profi. or loss; it was in the nature of merchandising when the jus accrescendi is never allowed. And in the case of Coles' Administratrix v. Coles, 15 Johns. Rep. 159; it was decided, that when real estate is held by partners, for the purposes of the partnership, they hold it as tenants in common; and that on a sale of the land, one of the partners receiving the consideration

money, was liable to the action of the other for his moiety. Thornton v. Dixon, 3 Brown's Ch. Rep. 199. Balmain v. Shore, 9 Ves. Jun. 500.

By a statute of Maryland, in 1822, ch. 262, joint tenancy is abolished; and it is contended, that this being the settled policy of the state, the Courts should give a liberal construction to conveyances prior to that time, to guard against the inconvenience and hardship, if not injustice, of that tenancy.

Whether this estate was purchased by the Mayburrys, for the purpose of manufacturing iron, for speculation, or for some other object, is not shown by the evidence; and it would be dangerous for the Court, without evidence, to give a construction to this deed different from its legal import. We must consider the property as conveyed in joint tenancy; and the question arises, whether dower may be claimed in such an estate.

Dower is a legal right, and whether it be claimed by suit at law, or in equity, the principle is the same.

On a joint tenancy, at common law, dower does not attach. Coke on Litt. lib. 1, ch. 5, sec. 45. "It is to be understood, that the wife shall not be endowed of lands or tenements, which her husband holdeth jointly with another at the time of his death; and the reason of this diversity is, for that the joint tenant, which surviveth, claimeth the land by the feoffment and by survivorship, which is above the title of dower, and may plead the feoffment made to himself, without naming of his companion that died."

In 3 Kent's Com. 37, it is laid down, that the husband must have had seisin of the land in severalty at some time during the marriage, to entitle the wife to dower. No title to dower attaches on a joint seisin. The mere possibility of the estate being defeated by survivorship, prevents dower. The same principle is in 1 Roll. Abr. 676. Fitzh. N. B. 147. Park on Dower, 37. 3 Preston's Abstracts, 367.

If the husband, being a joint tenant, convey his interest to another, and thus at once destroy the right of survivorship, and deprive himself of the property, his wife will not be entitled to dower. Burton on Real Property, 53. Co. Litt. 31^b.

But it is insisted that the rule which denies dower in an estate of joint tenancy, applies only in behalf of the survivor; and that,

if in this case the deed created a joint estate, the plaintiff may claim, after the deed of release to her husband.

At the time the deed to the Mayburrys, for this property, was executed by the executors, a mortgage on the property was given by the Mayburrys, to secure the payment of a large part of the purchase money.

The deed bears a date prior to that of the mortgage; but the proof is clear that both instruments were delivered, and consequently took effect at the same instant of time. The time of delivery may be proved by parol.

And, it also appears that the deed to Willoughby Mayburry, and the mortgage from Thomas to him, were delivered at the same time.

And here two questions arise,

1st. Whether dower attaches where there has been only a momentary seisin in the husband?

2d. Whether, in Maryland, dower may be claimed in an equity of redemption?

By the common law, dower does not attach to an equity of redemption. The fee is vested in the mortgagee, and the wife is not dowable of an equitable seisin. Dixon *v.* Saville, Bro. Ch. Ca. 326. Co. Litt. 3ᵇ. Stelle *v.* Carroll, 12 Peters, 205.

This rule has been changed, in Maryland, by the tenth section of the act of 1818, ch. 193, which gives dower in an equitable title under certain restrictions; and in many of the states a different rule obtains by statutory provision, or by a judicial modification of the common law. As the right of the complainant depends on conveyances prior to 1818, the above statute can have no effect upon it.

As before stated, the mortgage was delivered by Willoughby Mayburry, at the same instant he received the deed from Thomas; and the question is, whether dower can be claimed by the wife on such a seisin of the husband?

In his Commentaries, Chancellor Kent says, vol. iv. 38, 39, that "a transitory seisin for an instant, when the same act that gives the estate to the husband conveys it out of him, as in the case of the conusee of a fine, is not sufficient to give the wife dower; the same doctrine applies when the husband takes a conveyance in fee, and at the same time mortgages the land back to the grantor.

[Mayburry *v.* Brien et al.]

or to a third person, to secure the purchase money, in whole or in part, dower cannot be claimed as against rights under that mortgage; the husband is not deemed sufficiently or beneficially seised by an instantaneous passage of the fee, in and out of him, to entitle his wife to dower as against the mortgagee."

Of a seisin for an instant, a woman shall not be endowed. 1 Co. Litt. ch. 5, sec. 36.

This is the well established doctrine on the subject. Halbrook *v.* Finney, 4 Mass. Rep. 566. Clark *v.* Munroe, 14 Mass. Rep. 352. Stow *v.* Tift, 15 Johns. Rep. 485.

The plaintiff insists that the principle which excludes dower, in a case of a momentary seisin, applies only where the grantor acts in carrying out a naked trust. This position is not sustained by the authorities.

In the case of M'Cauley et al. *v.* Grimes and wife, 2 Gill & Johns. Rep. 324, the Court say, " Perhaps there is no general rule, in strictness, that in cases of instantaneous seisin, the widow shall or shall not be entitled to dower." And they say, " Where a man has the seisin of an estate beneficially for his own use, the widow shall be endowed."

What may be a beneficial seisin in the husband, so as to entitle his widow to dower, may be a matter of controversy, and must lead to some uncertainty. But, in the language of Chancellor Kent, where a mortgage is given by the grantee, at the same time the conveyance of the land is executed to him, there is no such beneficial seisin in him as to give a right to dower.

The encumbrances in this case exceed, it is believed, the value of the estate; and this being the case, the grantees could in no sense be said to be beneficially seised, so as to sustain the claim of the complainant.

Upon the whole, the decree of the Circuit Court is affirmed.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Maryland, and was argued by counsel. On consideration whereof, it is ordered and decreed by this Court, that the decree of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs.