# SUPREME JUDICIAL COURT,

FOR THE

## MIDDLE DISTRICT,

## 1854.

## CQUNTY OF KENNEBEC.

### YOUNG *versus* TARBELL & *als.*

A demand for dower in land owned by minor children, made of them and of their guardian, is sufficient, although in the demand, the person is not described as guardian.

It is no defence to such claim, that dower has been assigned in the premises to a widow, whose right was subsequent to that of the demandant.

A brief statement of *non-tenure* cannot avail, unless filed within the time allowed for pleas in abatement, or by special leave of the Court.

Where land was conveyed to the demandant's husband, and he mortgaged it back at the same time, to secure the purchase money, the demandant, as against the *mortgagee* or *assignee*, is dowable of only an equity of redemption; but against all beside, she has a right of dower in the land.

An *administrator*, whose intestate owned land incumbered by such mortgage, but which land is not needed to pay the debts of the intestate, or charges of administration, has no authority to purchase the mortgage, and cannot make it a charge upon the estate.

And if the administrator purchases *such mortgage*, the *heirs* cannot set it up in *his hands* to defeat the widow of the *mortgager* of her claim of dower.

ON REPORT from *Nisi Prius*, RICE, J., presiding.
WRIT OF DOWER.

The defendants were minor children of Charles Tarbell,

deceased. The action was commenced for, and entered at the December term of the District Court, in 1851. A general appearance was entered under the names of the defendants, by George Evans, Esq., in the District and Supreme Court.

At the August term, 1853, when this action came on for trial, Mr. Evans was appointed guardian for defendants *ad litem.* He then offered a plea in abatement to the plaintiff's writ, or a portion of the land described therein, on the ground, that the defendants were not tenants of the freehold, but that one Sarah B. Tarbell was such tenant. The counsel for demandant objected to this plea being received at that time, and the objection was sustained.

The counsel for defendants, as guardian, then pleaded the general issue, and filed a brief statement, alleging special *non-tenure* in the third part of the premises set off as dower to the widow of Charles Tarbell. The general issue was joined, but the brief statement was objected to on the ground, that the facts therein stated were not provable in this stage of the action.

That question, and whether the rejection of the plea in abatement was correct, were reserved for the decision of the full Court.

The plaintiff introduced evidence of her marriage with David Young, jr., his death and issue, and a conveyance during her marriage to her said husband of the premises described in the writ, from William B. Grant, dated May 1, 1838, acknowledged and recorded May 18, 1839. She also introduced copies of sundry deeds showing that the same land was finally conveyed to Charles Tarbell, the father of defendants, on January 10, 1842.

It also appeared that said Charles Tarbell died in possession of the premises in March, 1844, intestate and solvent, leaving said Sarah B. Tarbell his widow, and the defendants his heirs at law, who are still minors.

Mrs. Tarbell was duly appointed their guardian in 1844, and has remained such ever since.

The plaintiff also proved a demand for her dower more than thirty days before the commencement of her action, by a writing directed to Mrs. Sarah B. Tarbell, and to each of the defendants, which was duly served by an officer.

It also appeared, that the annual rent of the premises since the time of demand, Oct. 13, 1851, was $150.

Defendants put in an assignment of dower to Sarah B. Tarbell, by order of the Judge of Probate for the county of Kennebec, out of the premises described in the writ, made Aug. 10, 1845; and the part so assigned, being the same described in the defendant's plea in abatement and brief statement; and of which she had ever since retained the possession.

The defendants' counsel also read a deed of mortgage from David Young, jr., to said William B. Grant, dated May 1, 1838, acknowledged and recorded on May 18, 1839, of the same premises conveyed to said David Young, jr., of that date. This mortgage was not signed by plaintiff, nor has she ever relinquished her right of dower in said premises.

The defendants also introduced an assignment of said mortgage, and the notes it was given to secure, of about $800, from Grant to H. B. Hoskins, administrator of the estate of Charles Tarbell; but there was no proof of any transfer of said mortgage by Hoskins to defendants.

It was agreed, that the estate of Chas. Tarbell was solvent, and that this property was not needed for the payment of his debts or expenses of administration.

The cause was then taken from the jury and referred to the full Court, who were to draw all inferences that a jury might from the facts proved or admitted, and to decide all legal questions, and to determine whether the plaintiff shall recover her dower in the whole premises, or, if not, of how much; and to assess the damages up to the time of the judgment, if not otherwise agreed upon. But if the plaintiff is not entitled to dower in any portion demanded, she is to become nonsuit.

*Evans* and *Clay*, for the defendants.

1.  The demandant's husband was never so seized of the premises, as to give her a right of dower therein.

The deed in fee from Grant to him, and his deed of mortgage to Grant, to secure the payment of the consideration notes, constitute but one transaction. His seizin was transitory — but for an instant. It came and went by the same act. In such case no dowable seizin is acquired by the husband. The doctrine is too well established and too ancient to be forgotten or shaken. *Holbrook* v. *Finney*, 4 Mass. 566; *Bird* v. *Gardiner*, 10 Mass. 364; *Clark* v. *Munroe*, 14 Mass. 351; Stearns on Real Actions, 280; 4 Kent's Com. 38; *Stow* v. *Tifft*, 15 Johns. R. 458; *Jackson* v. *Dewitt*, 6 Cowen, 316, "*cum multis aliis.*"

These decisions and the doctrine which they inculcate, have been repeatedly recognized in this State. *Gammon* v. *Freeman*, 31 Maine, 243.

*No case can be found* in this State or elsewhere, where such a seizin has been held to confer a right of dower, against the mortgagee.

If, however, it should be urged, that the mortgage has been canceled, and that therefore the widow can be let in, the answer is, that the fact is not so, and was never intended to be so. *Stanwood* v. *Dunning*, 14 Maine, 290.

The mortgage was *assigned* — and expressly with reference to its being upheld.

Tarbell's title accrued by two independent conveyances: — 1st. The deed of Young, which made no reference to the mortgage; — 2d. By the assignment of the mortgage.

The law is well settled. Where it is for the interest of the party to uphold the mortgage, it will be done, unless the intention at the time was to extinguish it.

Where the intention is not discernible, the Court will consider what was most for the party's benefit. *Freeman* v. *Paul*, 3 Greenl. 260; *Gibson* v. *Crehore*, 3 Pick. 482.

See several cases cited in the preceding. *Carle* v. *Butman*, 7 Greenl. 102.

Young v. Tarbell.

In *Popkins* v. *Bumstead*, 8 Mass. 491, it was held that a discharge of the mortgage, even, did not revive the widow's right of dower.

If it be further urged, that the defendants cannot hold under the mortgage, because the assignment was not to *them*, but to the administrator of their ancestor under whom they claim, the answer is, that the estate of the intestate was solvent; the property was not wanted for the purposes of administration; that in such case the administrator holds in trust for the heirs; and that being in possession, the title is vested. *Webber & al.* v. *Webber*, 6 Greenl. 127.

Independent of the *actual* possession, by the Statute of Uses, 27 Hen. 8, c. 10, which PARKER, J., in 4 Mass. 607, considers to be in force here, the possession would be vested in the heirs.

By our R. S., c. 125, § 13, an administrator who may recover seizin and possession, holds it to the use and behoof of the widow and heirs, &c.

In the case at bar, the ancestor died seized; the heirs are in possession; the administrator has no occasion for, and no right to, the property, or seizin thereof; the assignment, of necessity, enures to the benefit of the heirs.

2. The demandant, if entitled at all, is not entitled to recover any part which has been assigned to Mrs. Tarbell, as her dower.

The plea should have been received. Defendants are infants, and can appear only by guardian, and the plea was filed, as soon as they were legally in court.

The appearance in the District Court, *by Attorney*, was of no avail, as an infant cannot appoint an attorney.

3. The suit should have been against the guardian appointed by the Probate Court, of whom, also, the demand should have been made, and who alone could set out the dower.

*Allen*, for demandant.

APPLETON, J. — An estate in dower is a continuation of

the estate of the husband and upon his death the right there-
to becomes consummate. By the common law the heir,
though within age, might assign dower and the assignment
would be held good, subject to be corrected, if excessive, by
writ of admeasurement of dower. By R. S., c. 110, § 22,
the guardian of a minor heir is empowered to assign and set
out dower. The same right on his part has been held to
exist at common law. *Jones* v. *Brewer,* 1 Pick. 314. The
evidence shows dower to have been legally demanded, and
the action is properly brought against the defendants as ten-
ants of the freehold.

The elder title to dower must prevail. The seizin of the
demandant's husband was prior to that of the tenant's father.
Her right to be endowed takes precedence of that of his
widow. *Geer* v. *Hamblen,* 1 Greenl. 155, n.

The brief statement, alleging special non-tenure in the
third set-off as dower to Mrs. Tarbell, was filed too late.
Stat. 1846, c. 221, requires, that when non-tenure is pleaded
in bar, that the pleadings shall be filed within the time re-
quired for filing pleas in abatement and not after, except by
special leave of the Court, which does not appear to have
been given in this case.

It is well settled by the entire weight of authority, as well
as upon the clearest principles of equity, when a conveyance
is made to one, who at the time mortgages back the premises
to the grantor to secure the purchase money, that the widow
of such mortgager is not, as against the mortgagee, entitled
to dower save in the equity of redemption. The deed and
mortgage back being at the same time, though separate in-
struments, are to be regarded as part of one and the same
transaction, in the same manner as the deed of defeazance
forms with the deed to be defeated but one contract, though
engrossed on several sheets. *Holbrook* v. *Tenney,* 4 Mass.
566. The husband is not deemed sufficiently or beneficially
seized by an instantaneous passage of the fee in and out of
him, to entitle the wife to dower as against the mortgagee.
*Mayberry* v. *Brien,* 15 Pet. 21; *Bullard* v. *Bowers,* 10 N.
H. 500; *Stow* v. *Tifft,* 15 Johns. 459.

But as the mortgage is held only as an incumbrance of the estate, the right of the wife to dower will be enforced as against all but the mortgagee. If the mortgage has been satisfied, the tenant cannot set it up in bar of dower. Unless, therefore, the tenant can invoke the mortgage by way of defence, the demandant is entitled to dower, subject to being divested thereof by the prior rights of the mortgagee. *Wilkins* v. *French*, 20 Maine, 111.

If the mortgage is redeemed by the husband or his executors, the widow will be entitled to dower. *Bullard* v. *Bowers*, 10 N. H., 500. But instead of paying the mortgage and having it discharged, it may be assigned and upheld as a subsisting incumbrance when the interests of the parties require it. *Freeman* v. *Paul*, 3 Greenl. 260; *Gibson* v. *Crehore*, 3 Pick. 475. The case finds the mortgage to have been assigned and not discharged. The claim of the mortgage is paramount to that of the demandants. The only question therefore, that arises, is whether the tenants are in a situation to set up the mortgage to defeat the demandant's claim at law, for it is well settled that she is entitled to enforce it in equity. *Smith* v. *Eustis*, 7 Greenl. 41.

The estate of the father of the tenants was solvent. The case finds that the administrator on his estate purchased the mortgage and took an assignment of it. The mortgage was not given by his intestate, nor was he bound, as administrator, to pay the same as a debt against the estate. It becomes important, therefore, to determine whether he could of right invest the funds of the estate in the purchase of notes and mortgage, and charge the estate with such purchase, and thereby become entitled to an allowance of the sums thus paid, in the settlement of his estate in the Probate office.

The real estate descends to the heirs subject only to the prior rights of creditors. As the estate was solvent, no question as to their interests can arise. If there are outstanding mortgages, it is for the heirs, if of full age, to determine as to the expediency of removing existing incum-

brances. It is for them to judge whether they exceed or not the value of the estate. If the heirs are minors, the right to manage and control the estate is vested in the guardian. The funds of the estate, upon settlement and distribution, belong to him for their use. If there are incumbrances upon real estate, it is for the heirs, if of full age, if not, for the guardian, subject to the approbation of the Judge of Probate, to determine as to the expediency of removing them. By R. S., c. 110, § 23, the sale of the personal estate and the investment of the funds of the ward is made subject to the order of the Judge of Probate. The purchase of the mortgage seems to have been made by the administrator, upon his own mere motion, and it is not easy to perceive upon what principle he can of right charge the estate with this appropriation of its funds.

The case of *Webber* v. *Webber*, 6 Greenl. 127, does not apply. The levy by an administrator upon a judgment which he has obtained must necessarily be in his name, and he takes the fee in such case, clothed with a trust for the benefit of the heirs. So notes secured by mortgage are assets in the hands of an administrator and the foreclosure of the mortgage must be in his name. But when the estate becomes foreclosed in his name, he holds it in trust. 'But the right of an administrator, whose duty it is to collect and distribute the funds of the estate among those interested, to purchase up notes and mortgages therewith, and charge the same to the estate, is another and very different affair.

As the defendants are in no respect bound by, so they can derive no benefit from the purchase of the mortgage. If the investment was unwise, it is at the risk of the administrator. The defendants show no connection with it. The demandant is consequently entitled to dower, subject however to the superior rights of the mortgagee or his assignee, if they deem it expedient to enforce them. But in assigning dower in this action, the mortgage is not to be regarded.

*Defendants defaulted.*

SHEPLEY, C. J., and TENNEY, RICE and CUTTING, J. J., concurred.