Maria Sanchez **PEREZ**, Appellant,

v.

John J. **POGGE**, Joyce L. Pogge, Perfecta R. Saldivar, Jean A. Lopez, and Pacesetter Products, Inc., Appellees.

No. 65350.

Supreme Court of Iowa.

March 18, 1981.

Donald P. Baird, Hans P. Nyholm and John D. Sens, Council Bluffs, for appellant.

James A. Pugh, Council Bluffs, for appellees Pogge, Saldivar and Lopez.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

McGIVERIN, Justice.

Maria Sanchez Perez appeals from the dismissal of her petition seeking a share in real property as surviving spouse of Victor Perez. § 633.211(1), The Code 1979. We affirm the dismissal because we conclude that Maria may not claim the share of a surviving spouse in property purchased by her husband in joint tenancy with another person.

Maria's petition was in equity and therefore our review is de novo. Iowa R.App.P. 4. The facts are virtually undisputed. Maria married Victor in Texas in 1927. They had several children, four of whom survived Victor. In 1964, while the family was living in North Platte, Nebraska, Victor abandoned his wife and children and moved to Council Bluffs, Iowa. The marriage between Victor and Maria was never dissolved. Maria stayed in Nebraska for a few years and then returned to Texas where she now resides.

After moving to Council Bluffs, Victor began living with defendant Perfecta Saldivar and they held themselves out as husband and wife. It is undisputed that Perfecta was never married to Victor. In 1967 Victor and Perfecta purchased on contract a lot, on which a house existed, in Council Bluffs. This is the real estate involved in this dispute. They held the property as joint tenants with right of survivorship. Maria concedes that the property was validly purchased in joint tenancy. The real estate was the home in which Victor and Perfecta lived.

On March 18, 1974, Victor and Perfecta, by an assignment of the contract and conveyance, sold the real estate to defendants John J. Pogge and Joyce L. Pogge. The instrument stated that Victor and Perfecta were husband and wife. Maria did not join in this conveyance instrument.

Before the assignment of the contract in 1974 from Victor and Perfecta to the Pogges, Pogges had purchased the rights of the contract vendor. After fulfilling the contract with Victor and Perfecta, Pogges were the owners of the property in fee simple absolute.

On March 20, 1974, Pogges sold the home on contract to Perfecta Saldivar and her daughter, defendant Jean A. Lopez.

Defendant Pacesetter Products, Inc., filed a mechanic's lien on the property on January 30, 1978.

Victor died intestate on February 15, 1975, while residing with Perfecta and Jean.

Maria filed her petition on May 22, 1978, seeking her share in the real estate as the surviving spouse of Victor. §§ 633.-211(1), .218. She requested the court to set off her share in the real property or to sell it and award her a share of the proceeds. After trial, the court dismissed her petition. Maria appeals to us.

Since Victor died intestate leaving a surviving spouse and leaving issue, Maria's share is measured by section 633.211. That statute provides that Maria shall receive "[o]ne-third in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage, . . . and to which the surviving spouse has made no relinquishment of his right." We now consider whether Victor, as a joint tenant, held an estate in real property to which this share could attach.

I. *No statutory share in joint tenancy property.* At one time during the marriage, Victor was an equitable owner of the real estate that he was purchasing on con-

tract. However, we conclude his joint tenancy interest was not one to which a surviving spouse's share could attach under section 633.211(1).

Our cases hold that no inchoate right to a statutory share may attach unless Victor held some kind of heritable estate during the marriage. *Baker v. Syfritt*, 147 Iowa 49, 62, 125 N.W. 998, 1003 (1910). Victor began purchasing the property as a joint tenant with Perfecta. As a joint tenant, he did not have a heritable estate because, if he were the first joint tenant to die, his interest would not pass from or through his estate. If Victor died first, the surviving joint tenant's interest would remain and Victor's interest would be extinguished. *Wood v. Logue*, 167 Iowa 436, 441, 149 N.W. 613, 615 (1914). Because of this survivorship aspect of joint tenancy, a wife's inchoate interest does not attach to property the husband purchases and holds as a joint tenant. *Maybury v. Brien*, 40 U.S. (15 Pet.) 21, 37, 10 L.Ed. 646, 653 (1841); *Fleming v. Fleming*, 194 Iowa 71, 101, 174 N.W. 946, 958 (1919) (Salinger, J., dissenting), *supplemented*, 194 Iowa 122, 184 N.W. 296 (1921), *writ of error dismissed*, 264 U.S. 29, 44 S.Ct. 246, 68 L.Ed. 547 (1924); *Alexander v. Boyer*, 253 Md. 511, 523, 253 A.2d 359, 366 (1969); *Pappas v. Pappas*, 287 Minn. 100, 102, 177 N.W.2d 401, 403 (1970); *Jezo v. Jezo*, 23 Wis.2d 399, 406, 129 N.W.2d 195, 197 (1964); *American Law of Property* § 5.14 (Casner ed. 1952); 25 Am.Jur.2d *Dower and Curtesy* § 83 (1966). The only interest in this real estate that Victor had during his marriage to Maria was held in joint tenancy with Perfecta. After selling the property, he did not have any interest in real estate. Therefore, Maria has no claim to a surviving spouse's share to real estate under section 633.211(1) because Victor had no heritable legal or equitable estate in real property. She has made no claim to the proceeds from the sale, if any, that Victor held as personal property at his death.

II. *Validity of conveyance of the joint tenancy property.* Maria does not contend that she is entitled to a spouse's share in property acquired, held and disposed of by Victor as a joint tenant with another. Rather, Maria constructs an argument which would result in Victor holding the property as a tenant in common—a heritable interest in real estate to which a spouse's share will attach under section 633.211(1). She contends as follows: (1) the real estate was Victor's homestead in Iowa; (2) under section 561.13, The Code, Maria had to join in any conveyance instrument of the homestead since the owner, Victor, was married to her; (3) the conveyance by Victor to Pogges in 1974 was therefore void due to section 561.13 because Maria did not join in the conveyance; (4) however, Perfecta did validly convey her interest in the home to Pogges; (5) since Perfecta validly conveyed the property but Victor did not, their joint tenancy was severed and Victor became a tenant in common with Pogges; and (6) Maria's inchoate share of a surviving spouse under section 633.211 attached to Victor's interest as a tenant in common. While this argument has a certain allure, we conclude that it fails at its initial step, i. e., the property was not Victor's homestead and therefore Maria did not have to join in its conveyance.

The issue of whether a parcel of real estate is a homestead under chapter 561 arises in three settings: (1) in determining whether it is exempt from judicial sale, § 561.16; (2) in determining whether the owner's spouse must join in the conveyance instrument, § 561.13; and (3) in determining rights of a surviving spouse, §§ 561.-11, .12, 633.239, .240.

According to section 561.1, "[t]he homestead must embrace the house used as a home by the owner...." Maria contends that using this definition, the home occupied by Victor with Perfecta was his homestead and under section 561.13 Victor's wife, Maria, had to join in its conveyance. We decline to hold that Victor's living arrangement with Perfecta established a homestead for purposes of any provision of chapter 561.

Maria argues that Victor, living by himself or with Perfecta, met the definition of

a homestead in section 561.1—"the house used as a home by the owner." Other provisions of chapter 561, however, indicate that the chapter contemplates occupancy by the owner with his or her family before a homestead is established. §§ 561.11 (surviving spouse "may *continue* to possess and occupy" homestead), .16 (homestead of every *family* exempt from judicial sale), .17 (widow or widower deemed a family for purposes of entire chapter). We conclude that the same criteria should be used to determine whether Victor had a homestead under chapter 561 regardless of whether we are determining exemption from judicial sale, the rights of a surviving spouse or, as in this case, the necessity of the spouse joining a conveyance. In defining homestead for purposes of chapter 561, we construe all parts of the chapter together. *Loras College v. Iowa Civil Rights Commission*, 285 N.W.2d 143, 148 (Iowa 1979).

Ordinarily, to become a family's homestead, property must be occupied by the owner and at least one other person whom the owner is legally or morally obligated to support, even if the other person is not totally dependent on the owner. *In re Estate of McClain*, 220 Iowa 638, 642, 262 N.W. 666, 668 (1935) (widow and minor daughter occupied homestead); *Kramer v. Hofman*, 218 Iowa 1269, 1274, 257 N.W. 361, 364 (1934); *Poffinbarger v. Administrator of Estate of Poffinbarger*, 206 Iowa 961, 963, 221 N.W. 550, 552 (1928) (father and adult crippled son); *Maguire v. Hanson*, 105 Iowa 215, 217, 74 N.W. 776, 776 (1898) ("The actual occupation of the premises as a home by the owner and his family is required"); *Webster's Third New International Dictionary* 1083 (1976) (homestead is "the land and buildings . . . occupied as a home for the owner and his family"). Absent a statutory exception, such as sections 561.16 and .17, an unmarried person living alone or an owner who shares living quarters with others who are not family members does not have a homestead for purposes of chapter 561. *Solnar v. Solnar*, 205 Iowa 701, 706, 216 N.W. 288, 291 (1927); *Fox v. Waterloo National Bank*, 126 Iowa 481, 484, 102 N.W. 424, 426 (1905). We express no opinion on the definition of homestead in provisions of the code other than chapter 561. *Cf.* Iowa Att'y Gen. Biennial Rep. 239 (1938) (homestead tax credit under chapter 425, The Code, available to unmarried homeowners).

In Victor's case, his living arrangement with Perfecta did not give rise to a valid claim that the realty was his homestead under chapter 561. While he did own and occupy the premises, he was not under any legal or moral obligation to support her. *Fox*, 126 Iowa at 487, 102 N.W. at 427. For purposes of determining whether a homestead existed, Victor was merely sharing living quarters with persons unrelated to him. There is no evidence that Maria or any of the children came to Iowa and established a homestead with Victor. The trial court found Maria never had a homestead anywhere in Iowa.

Because the property was not a homestead under chapter 561, the provisions of section 561.13, requiring Maria to join in any conveyance instrument of the homestead, do not apply. Section 561.13 did not invalidate the conveyance by Victor and Perfecta to Pogges.

As stated in division I, Maria cannot claim a spouse's share under section 633.211(1) in real estate purchased, held and sold by her husband in joint tenancy with another person. The trial court, therefore, properly dismissed her petition.

We have considered other contentions made by the parties and either find them without merit or unnecessary to our disposition of the case.

AFFIRMED.