Michael V. WELSH, Appellant,

v.

The CITIZENS NATIONAL BANK OF BOONE–STRATFORD, Boone, Iowa, Appellee.

No. 87–21.

Supreme Court of Iowa.

March 16, 1988.

John P. Roehrick of Roehrick, Hulting & Moisan, Des Moines, for appellant.

John D. Jordan of Jordan, Mahoney & Jordan, Boone, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

LARSON, Justice.

Michael V. Welsh mortgaged his 120–acre farm, which included his home, to the Citizens National Bank of Boone–Stratford. The bank foreclosed on its mortgage, and Welsh's land was sold at a sheriff's sale. The sheriff did not, prior to sale, plat a homestead for Welsh, or serve notice on him to do so, as required by Iowa Code section 561.5 (1985). Welsh filed a petition to set aside the sheriff's sale on that ground.

On the bank's summary judgment motion, the district court dismissed Welsh's petition, ruling that, because he had never married and had no children or other dependents, he was not entitled to homestead protection under Iowa Code section 561.16 ("The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary...."). On Welsh's appeal, we reverse and remand.

The essential facts are not disputed. Welsh was born in 1928 and has apparently lived on this farm all of his life. His parents, who had previously owned the farm, died, and Welsh became the owner of the land sometime prior to 1975. At the time of the foreclosure, Welsh was unmarried and had no children or other dependents.

Welsh argues that the court erred in dismissing his petition to set aside the sheriff's sale because (1) there were disputed fact issues on his claim of homestead protection through his deceased parents; and (2) under a 1981 amendment to Iowa Code section 561.16, he was entitled to homestead protection in his own right, regardless of his marital status and lack of dependents.

Prior to 1981, Iowa Code section 561.16 provided:

The homestead of every *family*, whether owned by the husband or wife, is exempt from judicial sale, where there is no special declaration of statute to the contrary, and such right shall continue in favor of the party to whom it is adjudged by divorce decree during continued personal occupancy by such party.

(Emphasis added.)

In *Perez v. Pogge*, 303 N.W.2d 145 (Iowa 1981), we held that a man who was cohabiting with a joint tenant, to whom he was not married, did not have a "homestead" interest under chapter 561. *Id.* at 148. We relied largely on language of section 561.16 limiting the exemption to a "family" and section 561.17, which deemed

a widow or widower to be a family for that purpose (thus suggesting that other single persons did not qualify). In the present case, the bank relies heavily on *Perez* and other Iowa cases which predated the 1981 amendment to section 561.16.

The rationale underlying the statute in effect at the time of *Perez* was explained in an earlier case, *In re Estate of McClain*, 220 Iowa 638, 644, 262 N.W. 666, 669 (1935): "to provide a margin of safety to the family, not alone for the benefit of the family, but for the public welfare and social benefit which accrues to the state by having families secure in their homes."

Shortly after *Perez* was decided, the legislature amended section 561.16 to read:

The homestead of every *person* is exempt from judicial sale where there is no special declaration of statute to the contrary, provided that persons who reside together as a single household unit are entitled to claim in the aggregate only one homestead to be exempt from judicial sale. For purposes of this section, "household unit" means all persons of whatever ages, whether or not related, who habitually reside together in the same household as a group.

(Emphasis added.)

Citizens National argues that the "person" referred to in amended section 561.16 should be construed to include unmarried, cohabiting persons, but not single persons such as Welsh. The short answer to that argument is that the section does not say so; it simply says a "person" is entitled to its protection. In the absence of some language in the statute limiting that term, "person" must include a single person as well as others.[1] This interpretation is further supported by the fact the legislature simultaneously repealed former section 561.17, which had appeared to limit the class of single persons qualifying for the exemption to widows and widowers.

This interpretation is also consistent with the rationale of the earlier statute as explained in *McClain;* the State's solicitude for the security of one's home, previously limited to those in a multi-member family setting, has simply been extended to apply to other persons.

[3] Welsh, as an owner entitled to homestead protection under section 561.16 (1985), should have had his homestead platted prior to execution sale, under Iowa Code section 561.5, and should have had his homestead protected from sale unless the sale of the remainder of his land failed to satisfy the mortgage debt. *See* Iowa Code § 561.21.

Because the execution sale failed to accord Welsh these protections, it must be vacated, and the district court's grant of summary judgment reversed. Accordingly, we reverse and remand the case for a sale in compliance with Iowa Code chapter 561.

REVERSED AND REMANDED.

---

1. Section 561.16 was further amended in 1987. In relevant part it provides: "A single person may claim only one homestead to be exempt from judicial sale." 1987 Iowa Acts ch. 116, § 3.