JOHN L. THERME v. KATE BETHENOID, Appellant.

**Homesteads.** A grantee of land subject to a life reservation of use and rents acquires no homestead right, as against a subsequent creditor, by occupancy through sufferance of a life tenant.

**Transcript Judgments:** SALE. Where there was a valid judgment, based on a transcript from a justice court, and the execution, levy, and sale are made in pursuance of it, as shown by introducing the filing entry and a sheriff's deed containing the usual recitals, the fact that through mistake a second entry of the filing of the transcript was erroneously made does not invalidate the sale.

**MONEY JUDGMENT:** *Presumptions.* The fact that there was no word or dollar mark attached to the figures in the columns for "Costs" and "Amount of Judgment" in the judgment docket entry creates no inference that it was not a money judgment.

*Appeal from Van Buren District Court.*—HON. ROBERT SLOAN, Judge.

THURSDAY, DECEMBER 15, 1898.

PLAINTIFF, claiming title under a sheriff's deed issued in pursuance of a sale made on execution against Mark Bethenoid, defendant's husband, brings this action to recover possession of lots 2, 3, and 4, block 16, in the town of Farmington. Defendant answered, denying that plaintiff had a valid title; alleging as reasons that said execution was not issued upon a valid judgment, that the property was exempt, as the homestead of her husband and of herself, and because her husband had previously conveyed the property to her, and that she had thereafter occupied it as her homestead. Plaintiff replied, joining issue on the allegations in the answer; and the case was transferred to, and tried as in, equity, and decree rendered in favor of the plaintiff. Defendant appeals.— *Affirmed.*

*Starr & Calhoun* and *Bernard Dolan* for appellant.

*Wherry & Walker* for appellee.

GIVEN, J.—I.   The facts necessary to be noticed are these:  A Mrs. Dickey conveyed the property in question to Mark Bethenoid.   This deed is not in evidence, but it otherwise appears that it was executed as early as the year 1886. The defendant testified, without objection:  "I always understood that my husband's deed from Mrs. Dickey was subject to the reservation to her of the use, rents, and benefit during her life.  Mrs. Dickey died October 16, 1890."  The defendant and her husband and family moved into the house with Mrs. Dickey, with her consent, in 1886, and after residing therein for one year went elsewhere to live, and did not again occupy the property until December 6, 1890, since which time the defendant and her family have been in continuous possession.   The property was rented for at least a part of the time between 1887 and the death of Mrs. Dickey, in 1890; Mrs. Dickey collecting the rents and controlling the property.   On July 23, 1892, Mark Bethenoid conveyed the property by warranty deed to the defendant, and in April, 1894, went to France for the benefit of his health, where he died in 1895 or 1896.

It is upon these facts that defendant's claim of title is based.   The plaintiff's is based upon the following facts:

August 3, 1885, Fred Hummelkee obtained a judgment against Mark Bethenoid before a justice of the peace for twenty-five dollars and ten cents, and two dollars and forty cents costs.   Judgment Docket No. 6, page 100, of the district court, is in evidence, and shows as follows:

"No, 8,032.   The names of plaintiff and defendant in judgment, direct and inverse, and—

| Kind of Action. | Date of Filing. | Date of Judgment. | Amount of Judgment. | Costs. |
|---|---|---|---|---|
| Transcript from J. P. | August 12, 1888. | August 3, 1885. | 25.10 | 2.40 |

It was upon a judgment based on the filing of a transcript that the execution was issued. The transcript is indorsed: "7805. Transcript, Fred Hummelkee vs. Mark Bethenoid, filed September 24, 1887. W. B. Flemming, Clerk. App. D. No. 5,260. Paid fifty cents by plaintiff."

Appearance Judgment and Execution Docket, No. 5, page 260, shows as follows:

"No. 7905. The names of the parties plaintiff and defendant, direct and inverse, and—

| Kind of Action. | Date of Filing | Date of Judgment. | Amouut of Judgment. | Costs. |
|---|---|---|---|---|
| Transcript from J. P. | Sept. 24, 1887. | August 3, 1885. | 25.10 | 2.40 |

Hummelkee obtained but one judgment against Bethenoid before the justice of the peace, and that was on August 3, 1885, and for twenty-five dollars and ten cents and two dollars and forty cents costs. The justice's docket shows but one transcript, and that was made September 21, 1887. It is evident that, for some reason that does not appear, these two entries were made of the same transcript.

II. By filing the transcript the judgment became the same as a judgment in the district court, and a lien upon real estate of the judgment defendant within the county, and was no longer enforceable as a judgment of the justice's court. That there was a valid judgment in the district court against Mark Bethenoid is not disputed, but the contention is that the entry of the filing of the transcript August 12, 1888, having been preceded by the filing September 24, 1887, is void, and that the execution issued with reference to that filing is therefore also void. There was a valid judgment against Mark Bethenoid, and the execution, levy, and sale were made in pursuance of that judgment; and the fact that, through inadvertence or otherwise, a second entry of the filing of the transcript was erroneously made, does not invalidate the sale. Appellant says there is no evidence of a judgment, and therefore the execution and deed are void; but

appellant furnishes the evidence in introducing the filing of September 24, 1887, of a valid judgment. The plaintiff introduces his deed from the sheriff, containing the usual recitations; and from these we must presume the proceedings to be regular, and the fact of this second entry of the filing of the transcript does not overcome that presumption. So far as appears, the deed only shows a general execution issued December 19, 1894, on a judgment recovered in the district court in favor of Hummelkee against Bethenoid, and has no reference to the second entry made of the filing of the transcript. There being a valid judgment, we conclude that the execution and sale are referable to that judgment.

III. It will be observed that there is no word or dollar mark in the entries quoted above, expressly showing that the figures "25.10" and "2.40" are of dollars and cents; and it is therefore contended that the record fails to show a money judgment. No one can doubt from the reading of the entries, that the judgment is for money, and money only.

IV. As to defendant's claim to homestead, it is entirely clear that this judgment became a lien prior to the occupancy of the premises as a homestead. The first occupation by defendant and her family was by the suffrance of Mrs. Dickey, who had reserved the rents and use of the property during her lifetime; hence it was not until her death, in October, 1890, that defendant or her husband could have acquired a homestead right. This judgment became a lien upon whatever interest Mark Bethenoid had in the property prior to his conveyance to the defendant, and prior to the time that either had acquired a homestead right in the property. Therefore she took no right by the conveyance, as against this judgment. Our conclusion is that the decree of the district court is correct, and it is therefore AFFIRMED.