CALVIN WILLIAMSON, Appellant, v. SUE ADELAIDE WILLIAM-
SON, Appellee.

DIVORCE: Alimony Made Subject to Invalid Mortgage. The court,
in awarding a homestead to a wife as alimony, may make such
homestead subject to a mortgage in favor of the creditor of the
husband, even though such mortgage was invalid because not
signed by the wife, and especially may the wife not question the
foreclosure of such mortgage when she has never questioned the
decree which awarded her the property.

*Appeal from Scott District Court.—F. D. LETTS, Judge.*

MARCH 21, 1919.

ACTION to foreclose a mortgage. Opinion states the
facts. Decree dismissing plaintiff's petition in the court
below. Plaintiff appeals.—*Reversed and remanded.*

*Isaac Petersberger,* for appellant.

*Betty & Betty,* and *J. A. Hanley,* for appellee.

GAYNOR, J.—This action is brought to foreclose a cer-
tain real estate mortgage executed and delivered by one
Ralph Williamson to the plaintiff on the 24th day of July,
1916, given to secure two promissory notes, which then rep-
resented a valid indebtedness due from the said Ralph to
the plaintiff (his father). Ralph was, at the time, a mar-
ried man, and the property covered by the mortgage was
his homestead. His wife did not join in the mortgage.
She is the defendant herein, and claims that the mortgage
is void for that reason.

It appears that Ralph and this defendant were mar-
ried October 3, 1906, and soon after their marriage, entered
into possession of this property, and occupied the same
as a homestead,—that is, lived in it as a home,—until some
time in August, 1914, when she left, and went to Texas.

She remained in Texas until some time in July, 1916, and then returned, and took up her home with her parents. About the time she returned, or just prior to the time she returned from Texas, divorce proceedings were commenced against her by her husband. She appeared, and filed a cross-petition. On the 17th day of March, 1917, a divorce was granted to her on her cross-petition. In this suit, she claimed and was awarded this homestead as alimony. The decree, however, recited that the defendant (the wife) had no money or property; that plaintiff (the husband) had title to the real estate now in controversy; that the real estate is subject to the mortgage now in controversy; that the indebtedness secured by the mortgage is a valid, subsisting indebtedness due from the husband to his father (the plaintiff herein). It was, therefore, ordered and adjudged that the real estate (meaning the homestead) be awarded to the wife, and that the husband execute to her a good and sufficient quitclaim deed therefor, subject to the mortgage, and then said:

"Provided, however, that the mortgage in favor of Calvin Williamson be confirmed and charged as a valid and subsisting lien against said real estate. Providing further, that the defendant take said real estate subject to the liens of the mortgages held by said Calvin Williamson."

At the time the decree was entered, neither husband nor wife was in the physical possession of this property. They were not occupying it as a home. It had been rented to and was in the possession of tenants, who occupied under a lease from the husband.

On the 2d day of April, 1917, in pursuance of the decree hereinbefore referred to, Ralph Williamson, the husband, executed and delivered to his wife a quitclaim deed to the premises in controversy, duly signed and acknowledged, conveying all his right in the property to her, subject to the mortgage of Calvin Williamson (plaintiff here-

in), and other charges, as per decree dated March 17, 1917, in the case of Ralph Williamson v. Sue Williamson. This deed was accepted by the wife; and, although she never took physical possession of the property or occupied it as a home, she caused the tenants in possession attorn to her, and thereafter, she collected the rentals.

In his petition, plaintiff pleads the notes and mortgage executed as aforesaid, and this decree, and asks that the mortgage be declared a lien upon the property in controversy, superior to any claim of this defendant, and that a special execution issue for the sale of the property.

This case involves the effect of this decree upon the rights of this defendant. It is true that our statute provides (Section 2974 of the Code, 1897) :

"No conveyance or incumbrance of the homestead, if the owner is married, is valid, unless the husband and wife join in the execution of the same joint instrument."

The only right this defendant (the wife) had in that property at the time was the right of possession,—the homestead right. It appears that neither had any property except this homestead, at the time the divorce proceedings were instituted, and that, in her petition, she claimed a right to alimony out of this property. The subject-matter and the parties were both before the court. The husband's right in the property was that of fee owner. The wife's right in the property was the inchoate right of dower. Both had the homestead right. These rights were all before the court, at the time it undertook to make a disposition of the property in its decree, and it did make a disposition of it. This was in the nature of community property, and the equities and rights of the parties in this property were before the court for consideration and adjustment. The property equities of the parties were before the court for adjustment. The court had before it a full view of the parties and their circumstances, the prop-

erty each owned, and the interest each had in the property of the other. There was one child born to these parties, and the custody of this child was given to this defendant. The court undertook to decree only so much to the plaintiff, as alimony, as, upon a fair consideration of all the equities, seemed to the court to be just and right. She got no more and can hold no more than was given her by the decree. Upon the granting of the decree of divorce, all right that either had in the property of the other is taken away, except as we find it preserved in the decree. All the rights in this property came, as it were, into the court's hopper, to be ground out and distributed between the parties, and whatever in the grinding came to each, measured his right in the property thereafter. It was conceded, or not disputed, that the husband was indebted to his father in the amount represented by the notes and mortgage in controversy. Had there been no mortgage, the court, finding the husband without property except the homestead, might well grant to the wife the homestead upon condition that she pay a certain stipulated sum to the husband out of the thing granted, or to one of his creditors, and make it a lien on the thing granted. Through the grinding there came from the hopper to her only that which was left, after discharging these burdens. She took it under the decree. She took it with the burdens placed upon it by the decree. She holds it under a deed granting to her the thing, subject to the burdens. No appeal was ever taken from the decree. It stands as a verity. She accepted the property under the decree, with the burdens placed upon it by the decree, and she holds it now with the burdens which the decree placed upon it. The property belonged to her husband. The debt which the decree establishes as a lien upon the property, was her husband's debt. This debt was made, by the express terms of the decree, a lien upon this property. The court had jurisdiction of the defendant in this suit, and of

the subject-matter of the action and of the property affected by the lien. Whether the mortgage was void or not for the reason asserted by the defendant, the court recognized it as a valid mortgage; at least recognized the debt as a binding debt upon the husband, who was the owner of the property. It adjudged it to be a lien. It established it as a lien. It put it as a burden on the property, and gave to her the property, subject to the burden. She accepted it subject to the burden. Whether the decree in that case was right or wrong, it must be held valid in this suit. To allow her now to assert her homestead right is to allow her to assert a right inconsistent with the decree under which she holds the property. As bearing upon this question, though not directly deciding it, see *Hemenway v. Wood*, 53 Iowa 21; *Daniels v. Morris*, 54 Iowa 369; *Byers v. Byers*, 21 Iowa 268; *Werner v. Werner*, 59 Kans. 399 (68 Am. St. 372); *Rosholt v. Mehus*, 3 N. D. 513 (23 L. R. A. 239); *Luttschwager v. Fank*, 151 Iowa 55.

On the whole record, we think the court erred in dismissing plaintiff's petition, and the cause is reversed and remanded for a decree in accordance herewith.—*Reversed and remanded.*

Ladd, C. J., Evans and Stevens, JJ., concur.