SARAH A. SZYMANSKI, Appellee, v. PETER PAUL SZYMANSKI, Appellant.

HOMESTEAD: Retirement Pay of a Soldier Not a Pension. A
1 homestead is not rendered exempt because purchased with

money paid by the Federal government to an ex-soldier after his retirement from the army, as a continuance of his pay while in the service.

**DIVORCE:** Alimony—Setting Aside Exempt Property. Alimony
2 may consist of specific property, whether exempt or not.

**DIVORCE:** Alimony—Vesting Title in Daughter. No statutory au-
3 thority exists for assigning alimony, and requiring the title to be vested in a daughter. Allowance reviewed, and modified as excessive.

*Appeal from Polk District Court.*—GEORGE A. WILSON, Judge.

MARCH 23, 1920.

SUIT for divorce. The facts are stated in the opinion. —*Modified and remanded.*

*John L. Gillespie,* for appellant.

*Blake & Blake,* for appellee.

STEVENS, J.—Defendant appeals from a decree granting plaintiff a divorce upon the ground of cruel and inhuman treatment, alimony, and an allowance for the support of an adopted daughter. Plaintiff, at the time of the trial, was 51 years of age, had been three times previously married, and had two minor children, aged 12 and 14 years, respectively. The parties were married on November 26, 1914. On August 29, 1918, they adopted a female child, about 7 months old. Defendant, who is 55 years of age, served a trifle over 31 years in the regular army, is a tailor by trade, and, at the time of the marriage, was retired from the army on pay. Many acts of cruelty toward plaintiff and her children are recited in the evidence, and defendant admits that, upon one occasion, he became angry, and destroyed a large amount of her furniture. While the evidence is more or less conflicting, a careful reading of

the record satisfies us that the court properly granted plaintiff a divorce and alimony. No good purpose will be served by a detailed review or discussion of the evidence. Counsel for appellant concedes that, if the testimony on behalf of plaintiff is credible, it is sufficient to sustain the decree. The court had the parties before it, and was in a better position to judge of the credibility of their testimony.

Much of the contention of counsel for appellant relates to the question of alimony. The property holdings of the respective parties, at the time of the marriage, were about as follows: Plaintiff was receiving the income from 120 acres, and owned two separate tracts, of 76 and 40 acres, respectively, in Polk County. She also had stock, grain, farm implements, and household furniture of considerable value. $550 was due her as the balance of the purchase price of some city property. This was paid shortly after the marriage. By the terms of her husband's will, from whom she received her interest in the real estate above referred to, she forfeited the right to the income from the 120-acre tract by her marriage with defendant. Defendant, having served for something over 31 years in the regular army, was retired on pay. He is a tailor by trade, and, when employed, receives good wages. He also, at the time of the marriage, had a contract for the property which thereafter became their homestead, on which he had paid $630, and still owed a balance of $620, which was paid later. He had some household furniture, the value of which is not shown. Plaintiff claims that she expended at least $1,000 in improvements on the residence property, and that she has purchased most of her own clothing, and contributed substantially to the support of the family. The defendant, on the contrary, testified that, except for the few dollars retained by him each month out of his pay check of

$67.50, and the occasional payment of bills for the family, he turned the proceeds thereof over to plaintiff.

It is agreed that the homestead is worth $2,500. Plaintiff testified that she sold the grain, stock, and farm implements owned by her, and that the defendant, in a fit of anger, broke up and destroyed household goods belonging to her, of the value of $900, for which defendant agreed to reimburse her. According to her testimony, he paid her $270, and replaced her damaged piano with one valued at $395. The court awarded plaintiff all of the household goods and furniture in her possession, including those previously owned by defendant, and the use, rents, and profits of the homestead property during her lifetime, title to which was placed in Mary Gladys Szymanski, the adopted daughter; required defendant to pay plaintiff $20 per month until $500 was paid, or until otherwise ordered by the court; and rendered judgment against him for costs, together with $100 attorney fees. It is agreed by the parties that the homestead was paid for by defendant out of money received by him as a retired soldier, from the United States government; and counsel for appellant claims that same is exempt, under Section 4010 of the Code; that the court exceeded its authority in transferring the property to the adopted daughter of the parties; and that the award of alimony is grossly excessive.

1. HOMESTEAD: retirement pay of a soldier not a pension.

Section 4010 of the Code of 1897 is as follows:

"The homestead of every such pensioner, whether the head of a family or not, purchased and paid for with any such pension money, or the proceeds or accumulations thereof, shall also be exempt; and such exemption shall apply to debts of such pensioner contracted prior to the purchase of the homestead."

Section 4747, Revised Statutes of the United States, exempts pensions from levy or seizure under any process.

legal or equitable, while the same remains with the pension office, or in the hands of any officer or agent thereof, or in the course of transmission to the pensioner. Construing this section, the Supreme Court of the United States, in *McIntosh v. Aubrey,* 185 U. S. 122 (46 L. Ed. 834), held that the exemption therein allowed does not apply after the money has actually passed into the hands of the pensioner; so that, if the monthly sum received by the defendant from the United States government be treated as pension money, then the question of its exemption must be determined according to the provisions of Section 4010, quoted above.

26 Statutes at Large 1082 provides:

"That hereafter no pension shall be allowed or paid to any officer, non-commissioned officer, or private in the army, navy, or marine corps of the United States, either on the active or retired list."

Section 2082 of the Compiled Statutes of the United States is as follows:

"When an enlisted man has served as such thirty years in the United States army or marine corps, either as private or noncommissioned officer, or both, he shall by application to the president be placed on the retired list hereby created, with the rank held by him at the date of retirement, and he shall receive thereafter seventy-five per centum of the pay and allowances of the rank upon which he was retired: Provided, That if said enlisted man had war service with the army in the field, or in the navy or marine corps in active service, either as volunteer or regular, during the War of the Rebellion, such war service shall be computed as double time in computing the thirty years necessary to entitle him to be retired."

So far as we are aware, the pay of a retired soldier has never been treated as a pension, under the statutes of the United States or the statutes of the various states exempting the same from seizure under legal process. The word

"pensioner," as used in our statute, must be given its usual and ordinary meaning, and has application to individuals formerly in the military service of the United States who, either on account of disability or by act of Congress, receive annually a fixed sum, payable, ordinarily, in quarterly installments. A retired soldier, receiving pay, cannot, under the United States statutes, receive a pension. The theory upon which pensions are allowed is entirely different from that upon which a soldier's monthly pay is continued, after his retirement from the army. We do not think defendant can claim the homestead or other property or money as exempt, under the provisions of Section 4010.

In any event, the court has full authority to set aside specific property of the husband to the wife as alimony, whether exempt or not. Ordinarily, exemptions are allowed for the benefit of the family. It is true

2. DIVORCE: alimony: setting aside exempt property.

that the exemption of pension money, or property purchased therewith, extends to every pensioner, whether the head of a family or not; but surely, it was not the intention of the legislature, in exempting pension money, or property purchased therewith, from execution, to change its status with reference to the inchoate rights of the wife to dower or alimony therein. The defendant cannot complain of the decree, in so far as it confers the right upon plaintiff to the use thereof during her lifetime, upon the ground that it was exempt property. Whether exempt or not, the authority of the court to award the same to plaintiff as alimony cannot be questioned. *Daniels v. Morris*, 54 Iowa 369; *Williamson v. Williamson*, 185 Iowa 909; Section 3180, Code.

We are inclined to agree, however, with appellant's claim that the amount awarded to plaintiff for the support and maintenance of the adopted daughter is excessive. No

**3. DIVORCE: alimony: vesting title in daughter.** authority to transfer the property to Gladys, the adopted daughter, is conferred by statute. The provision of the decree requiring defendant to pay $500, in monthly installments of $20, for the support of Gladys, will be set aside, subject, however, to the right of the court below to make further provision for the support of said child, if, at some later time, upon proper application therefor, the court shall deem it advisable and necessary to the welfare of said child that this be done. In view of the conclusion just announced, we think the decree should be further modified, so as to give the homestead absolutely to the plaintiff. She will be charged with the support of the child; and, if defendant is relieved from making the monthly payments at this time, plaintiff should be given a larger interest in the homestead. In all other respects, the decree is affirmed. The evidence as to the amount of her own money expended by plaintiff in improving the homestead, and in the support of the family, is conflicting; but the court below, who had the parties before it, evidently accepted the version of plaintiff, and with this holding we are content. It follows that the decree will be modified in the respects indicated, and the cause is remanded to the district court for that purpose.— *Modified and remanded.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.