L. A. ANDREW, Receiver, Appellee, v. R. H. WINEGARDEN, Sheriff, Appellee, et al., Appellant.

May 8, 1928.

*T. F. Lynch* and *Whitney & Whitney*, for appellant.

*Gilchrist & Gilchrist* and *F. C. Gilchrist*, for L. A. Andrew, appellee.

*W. W. Harris*, for R. H. Winegarden, appellee.

FAVILLE, J.—The Farmers Trust & Savings Bank of Pocahontas conducted a banking business in said town prior to May 12, 1926. The appellant, Farmers Loan & Trust Company, is located at Sioux City. On December 10, 1925, the John Hancock Mutual Life Insurance Company commenced an action of foreclosure of a real estate mortgage in the district court of Pocahontas County. In said action the said bank and the said trust company were each made parties defendant. On January 14, 1926, the trust company filed a cross-petition in said action, asking for personal judgment against the bank for the value of certain personal property alleged by the said cross-petitioner to have been converted by said bank. There was no attachment or other lien at that time. The cause came on for trial on the 29th day of March, 1926, and was concluded and submitted to the court on the 31st day of March, 1926. Under stipulation of the parties, it was ordered that the case be taken under advisement by the court, and that "decree might be entered by the court during term time or in vacation." Findings of fact were made in the case by the court, which were dated May 15, 1926, and were filed May 19, 1926. No judgment or decree was entered upon said findings of fact at said time, but a decree was filed and entered of record in said cause on August 3, 1926. It appears also that, on June 24, 1926, the appellant filed a motion for leave to amend its cross-petition, which motion was ruled upon and denied by the court in said final decree. On August 3, 1926, the clerk entered said decree in the lien index, showing a judgment in favor of the appellant and against said bank as of the date March 29,

1926. On November 27, 1926, the appellant issued execution on said judgment, and caused levy to be made on certain real estate, the property of said bank, and the same was sold at execution, and sheriff's certificate was issued. Reverting now to other matters which had transpired in the interim, it appears that, on May 19, 1926, upon proper application, the appellee Andrew was appointed receiver of the said Pocahontas bank, and qualified as such on May 24, 1926.

This action was commenced January 14, 1927, and the question presented is whether or not the real estate belonging to the said bank is subject to the lien of the appellant's judgment under said decree, or whether said real estate passed to the receiver as part of the assets of said bank, free of any lien of the appellant's judgment. The trial court quieted the title to said premises in the receiver, as against the judgment of appellant. The ultimate question in the case is, ''When did appellant's judgment become a lien?'' The original case was tried to the court, and by stipulation of parties was taken under advisement. It was ordered, in pursuance of the stipulation, that judgment might be entered by the court during term time or in vacation. There was no stipulation or order, at the time, with regard to the date said judgment should bear when so entered. On May 15, 1926, the court made a certain finding of facts as the basis for the entering of a judgment and decree, but no judgment was signed, filed, or entered of record until August 3, 1926. At that time, it is contended, the property in question had passed to the receiver. The contention of the appellant is that the decree, by its terms, amounted to an order *nunc pro tunc*, fixing the date of said judgment and the lien thereunder as of March 29, 1926, instead of August 3, 1926, when said decree was filed and entered of record.

There is no question of the inherent power of the court to enter a *nunc pro tunc* order. This power is frequently exercised for the correction of mistakes, either of omission or commission. There are numerous situations which may arise wherein the power of the court to enter a judgment *nunc pro tunc* may be properly invoked and exercised by the court, to effectuate justice. *Fuller & Co. v. Stebbins*, 49 Iowa 376; *Doughty v. Meek*, 105 Iowa 16; *Puckett v. Gunther*, 137 Iowa 647; *Hofacre v. City of Monticello*, 128 Iowa 239; *Dowling v. Webster County*, 154 Iowa

603; *Lambert v. Rice*, 143 Iowa 70; *Snyder v. Fahey*, 183 Iowa 1118; *Mahaska County v. Bennett*, 150 Iowa 216; *Arnd v. Poston*, 199 Iowa 931; *Brooks v. Owen*, 200 Iowa 1151. The above-cited cases are sufficiently illustrative of instances of the proper exercise of the power to enter such an order.

The instant case, however, does not involve the question of the power of the court to enter a *nunc pro tunc* order, nor does it involve a consideration of the proper circumstances that warrant the entry of such an order. The case narrows itself to a construction of the terms of the decree that was entered.

Section 11603, Code of 1924, provides that the lien of a judgment "shall attach from the date of such rendition." Therefore the lien of the judgment in the instant case would attach as a lien upon said real estate solely from the 3d day of August, 1926, unless there is a provision in the nature of a *nunc pro tunc* order that changes the date of said judgment. This must be found, if at all, in said decree. The opening clause is as follows:

"Now, on this 29th day of March, the above entitled cause coming on in its regular order for trial," etc.

The decree further recites:

"Thereupon, said cause was fully argued and submitted to the court, and upon stipulation of the parties made in open court, it was ordered that said cause be and is fully submitted and taken under advisement by the court, and that decree might be entered by the court during term time or in vacation."

The question at this point is whether this language in the decree amounts to an order *nunc pro tunc*, making said judgment date from the 29th day of March, 1926, and creating a lien upon the property of the judgment debtor as of said date. Numerous cases are cited to us by the appellant, but in none of them do we find such a situation as confronts us herein, involving the construction of a decree of this character, where there is no specific order *nunc pro tunc*, fixing the date upon which said judgment shall be deemed to have been rendered. To illustrate: Appellant relies, among other cases, upon *Mitchell v. Overman*, 103 U. S. 62 (26 L. Ed. 369). In that case the matter was submitted to the court, and taken under advisement, the order providing: " * * * the decree herein to be rendered *as of the term of said trial and submission.*" (Italics ours.) While

the case was being held under advisement by the court, one of the parties died. Decree was entered thereafter as of the last day of the term at which it was submitted, the decree expressly reciting that it *"shall take effect as of that date."* The decree was upheld as of said date. It is to be observed that the cited case differs in two important respects from the case at bar: (1) In it the order of submission provided that the decree should be rendered *as of the term of trial and submission*; and (2) the decree by its terms expressly provided that the decree was entered as of the last day of said term, and that it should "take effect as of that date." Neither of the foregoing conditions existed in the instant case. In the case at bar, if the order of submission had provided that judgment should be entered as of the term at which the cause was submitted, and if the decree itself had recited that it was entered as of the said term, or that it should "take effect" from any other date than the date upon which it was filed, we would have an entirely different question from the one that confronts us here. There was nothing in the stipulation and order of submission that indicated that the decree, when entered, should date as of the term of such submission, or at any other time than when actually filed and entered of record. The provision was broad and general, to the effect merely that the decree might be entered sometime in the future, "during term time or in vacation." There was no provision whatever in the order of submission or in the decree, regarding the date that the judgment should go into effect. Unless there was an order by the court in the nature of a *nunc pro tunc* order, it would take effect, under the statute, only on the date that it was in fact rendered. *Cooley v. Ayres*, 180 Iowa 740; *Sievertsen v. Paxton-Eckman Chemical Co.*, 160 Iowa 662; *Callanan v. Votruba*, 104 Iowa 672.

Construing the language of the decree, the preliminary recital therein with regard to the date of the trial of the case and the fact that it was taken under advisement, to be decided at term time or in vacation, cannot be construed to be, in and of itself, a *nunc pro tunc* order, fixing the date of the rendition of said judgment as of the date of trial and submission. The recital is not fairly susceptible of such a construction. We find no escape from the conclusion that the judgment in the instant case was not rendered until the 3d day of August, 1926, and be-

came a lien only from that date. There is no sufficient provision or order anywhere in the decree that could fairly be construed to be a *nunc pro tunc* order, providing that said judgment should take effect from any other date than the date upon which it was actually filed and rendered.

It is argued that the court was fully advised, when the decree was entered, on August 3, 1926, that a receiver had been appointed for the bank, and intended to have said decree antedate said appointment of the receiver, to fully protect the rights of appellant. The difficulty with this contention is that the decree does not, in terms or by any fair construction, provide that it is to be entered of record "as of" any other date than that upon which it was in fact entered. If the trial court intended that the decree should be entered *nunc pro tunc*, it failed to carry such intention into any effective provision or order in the decree or elsewhere. However appealing the equities may be, we are powerless to modify the decree or to enlarge its provisions.

It is not seriously contended, if appellant's judgment dates from August 3, 1926, as we hold it does, but that the property in question passed to the receiver of the bank, and he was entitled to a decree quieting title in said premises, as against the appellant. Under Code Section 9238 it is provided that, where a superintendent of banking closes a bank, "the right of levy or execution or attachment against said bank or its assets shall be suspended."

The decree of the trial court was correct, and it must be, and is,—*Affirmed*.

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.