LIZZIE KRAMER et al., Appellees, v. OSCAR HOFMANN et al., Appellants.

C. H. WILLIAMSON et al., Appellees v. OSCAR HOFMANN et al., Appellants.

No. 42632.

NOVEMBER 20, 1934.

Wilson & Kellam, for appellants.

Musmaker & Musmaker, and Carl P. Knox, for appellees.

DONEGAN, J.—This appeal involves two actions, one for partition of real estate owned by plaintiffs and certain of the defendants, and the other an action for forcible entry and detainer against the defendants Oscar Hofmann and Lena Hofmann. To a better understanding of the issues involved, it is necessary that we set forth a statement of the facts.

Niclos Hofmann and Barbara Hofmann were the parents of nine children, to wit, Emma Hofmann Robson, now deceased, the plaintiffs Lizzie Kramer and Lucy Ferber, and the defendants Oscar Hofmann, Frank Hofmann, Herman Hofmann, Will Hofmann, John Hofmann, and Charles Hofmann. On September 24, 1926, Niclos Hofmann and Barbara Hofmann made a deed of all their real estate consisting of 400 acres of land in Adair county and a lot with house thereon in the town of Greenfield, Iowa, to said nine children, reserving a life estate to the grantors or the survivor of them. Following the execution of said deed, Niclos Hofmann died on October 10, 1926; Emma Hofmann Robson, who was then divorced, died intestate without issue on November 23, 1929; and Barbara Hofmann died October 13, 1932. Following the death of Niclos Hofmann, the surviving spouse and life tenant, Barbara Hofmann, was placed under guardianship, and W. R. Goodman was appointed her guardian. At the time of the execution of the deed above referred to, the 400 acres of land was divided into three farms; one farm of 160 acres being rented to the defendant Oscar Hofmann and family,

and the other two farms being rented separately to Herman Hofmann and John Hofmann.

Following the death of Barbara Hofmann, W. R. Goodman was appointed administrator of her estate, and on February 20, 1933, as such administrator, he commenced an action in the district court of Adair county against the defendant Oscar Hofmann in six counts for the balances due on four separate notes given for rent of the farm occupied by Oscar Hofmann, and on oral leases of said premises for the years ending March 1, 1932, and March 1, 1933. The defendant Oscar Hofmann filed answer admitting certain and denying other allegations of the petition, and on April 3, 1933, a compromise was reached under which the claims alleged in counts 5 and 6 of the petition, based on the oral leases, were withdrawn and judgment was entered against Oscar Hofmann for the balance due on the four promissory notes in the sum of $3,068, with interest, attorney's fees, and costs. After the action above referred to had been commenced, the defendant, Oscar Hofmann, executed a note for $250 to Frank B. Wilson, and also executed a second note for $1,500 to said Wilson which was secured by a mortgage on Hofmann's interest in all of the land. Thereafter, on March 11, 1933, while the action brought by the administrator was pending and before judgment therein, the defendant Oscar Hofmann confessed judgment in favor of Wilson on the $250 note and on the same day the mortgage securing the note for $1,500 was filed for record.

On August 3, 1933, the instant action in partition was commenced. The petition after alleging the devolution of the title and ownership by the eight children, concerning which there is no dispute, also alleged the suit and judgment of the administrator, Goodman; that the administrator holds notes against the defendants, Herman Hofmann and Frank Hofmann; that, if said administrator is required to proceed to collect the judgment against Oscar Hofmann under execution and to collect said notes of Herman Hofmann and Frank Hofmann, it will necessitate the retention of the administrator for an indefinite length of time; and that it would be for the best interests of all parties that the court determine the sums of money that have been advanced to Frank Hofmann, Herman Hofmann, and Oscar Hofmann, and order that, on the sale of the property, those indebted to the estate be charged for the amount they have received or what they owe the estate. The defendants Oscar Hofmann and Lena Hofmann, his wife, filed separate answers in

which they denied that the land could not be partitioned in kind, and claimed the 40 acres on which they resided as a homestead. The defendant Wilson answered alleging that the confession of judgment for $250 and the mortgage for $1,500 are superior to the judgment obtained by the administrator, and that said Oscar Hofmann is entitled to a homestead as claimed by him. The defendant Goodman, administrator, answered and consented that the notes against Frank Hofmann and Herman Hofmann and the judgment against Oscar Hofmann held by him be adjusted in the partition action.

The action proceeded to trial, and on November 3, 1933, the court's ruling was filed holding that the defendant Oscar Hofmann occupied the said premises under a lease and not as a tenant in common until the death of his mother, that he has no homestead rights as against his cotenants or as against the claim of Barbara Hofmann, his mother, or her administrator, for rents due, and that the lien of the judgment of the administrator for rents attached to all his interest in the real estate. On November 25, 1933, the court filed its decree holding that the judgment for $250 and the mortgage held by the defendant Wilson and the judgment for $3,068 held by the administrator were liens against the share of Oscar Hofmann, and established the judgment of the administrator as a lien against the interest of Oscar Hofmann in all of said real estate, subject only to the liens of Frank B. Wilson under his judgment and mortgage. The decree expressly stated that no finding was made as to the amount of Wilson's mortgage. Such decree appointed appraisers, directed them to make partition in kind if this could be done, and directed that, in making partition, they set off to Oscar Hofmann the portion of the land on which he resided, subject to the liens established against the same, provided this could be done without injury to his cotenants.

On December 9, 1933, the defendant Oscar Hofmann filed a petition in bankruptcy and was adjudged a bankrupt. On the same day the plaintiffs filed a motion for a supplemental decree in which they asked that the decree entered by the court be modified and that the mortgage held by Wilson be declared void as against the real estate. On December 13, 1933, the referees filed their report stating that the real estate could not be partitioned in kind, and on December 14, 1933, the defendant Oscar Hofmann filed an application for a stay alleging his adjudication as a bankrupt. On December 15,

1933, the court took evidence on the plaintiff's motion for a supplemental decree, but no ruling was made on this motion until the 9th day of February, 1934. On January 17, 1934, the trustee in bankruptcy filed his report setting off the 40 acres claimed by Oscar Hofmann to him as a homestead. To this report the administrator filed objections, and on the 9th day of February, 1934, on hearing before the referee, an order was entered approving the report of the referee, but containing provisions to which reference will hereafter be made. On the same day the district court of Adair county filed its ruling in which it overruled Oscar Hofmann's motion for a stay and held that the Wilson mortgage was given to secure a contingent fee of 50 per cent of whatever amount the firm of Wilson & Kellam should save for the defendant Oscar Hofmann out of his share, that there was a failure of consideration to make such mortgage a valid prior lien, and that a supplemental decree be entered establishing the judgment of the administrator prior to the lien of said mortgage. Following this, the court on February 15, 1934, entered a supplemental decree in conformity with its ruling. On the 14th day of February, 1934, the district court of Adair county entered an order approving the report of the referees. In this order the court found that the real estate could not be partitioned in kind; that it was necessary to sell the same; that it was not advisable under the present status of the litigation to direct an immediate sale at public auction; that the land could not be sold with an agreement to furnish title for March 1, 1934; that it would be for the interest of all persons that the real estate be leased for one year beginning March 1, 1934; and ordered the referees to enter into such leases and authorized them to take such action as they might deem necessary to obtain possession of any of the property. On March 13, 1934, the defendants Oscar Hofmann and Frank B. Wilson filed a motion to revise decree and expunge the portion of the supplemental decree of February 15, 1934, finding that the judgment of the administrator was a lien on all the interest of Oscar Hofmann in all of the real estate, that the Wilson mortgage was without consideration, and establishing the administrator's judgment as prior to such mortgage. This motion was based upon the claims that Oscar Hofmann's homestead was not subject to any lien of the administrator's judgment, that his right of homestead had been adjudicated by the bankruptcy court, and that the debt evidenced by the administrator's judgment was barred by the dis-

charge in bankruptcy. To this motion the plaintiffs filed a resistance. A hearing was had, and the motion to revise and expunge was overruled. The defendants Oscar Hofmann and Lena Hofmann appeal.

We will consider the questions arising out of the partition action and then the questions arising out of the action of forcible entry and detainer.

I. Appellants contend that the judgment of the administrator which was entered on April 3, 1933, was merely a general judgment; that as such general judgment it could be a lien only on nonexempt real estate of Oscar Hofmann and was not a lien upon his homestead; that the interlocutory decree of the state court entered in the partition suit on November 25, 1933, contained no adjudication as to Oscar Hofmann's homestead rights; that, if this decree did establish the administrator's judgment of April 3, 1933, as a lien against Oscar Hofmann's homestead, such lien was voided by the subsequent adjudication of Oscar Hofmann, a bankrupt, on December 9, 1933; that the setting off of the homestead to Oscar Hofmann by the bankruptcy court on the 9th day of February, 1934, · constituted an adjudication which has not been appealed from and is now conclusive; and that the debt of Oscar Hofmann represented by the administrator's judgment of April 3, 1933, was duly scheduled by Oscar Hofmann in the bankruptcy proceedings and was barred by the discharge of said Oscar Hofmann as a bankrupt.

▪ ██ It is not disputed that a cotenant may have a homestead right in the common property. In order to determine whether the administrator's judgment of April 3, 1933, was a lien as against any homestead right of Oscar Hofmann, it becomes necessary to determine when the homestead right, if any, of Oscar Hofmann accrued. The homestead right depends not only upon the interest or estate which is claimed in the property, but also upon the occupation of the property as a homestead pursuant to such interest or estate. While there may be a homestead right in a leasehold, it is apparent in this case that Oscar Hofmann is not claiming such right under a leasehold but as a cotenant. It is equally apparent that his occupation of the property up to the time of his mother's death was as a tenant of his mother under a lease. Under these circumstances, therefore, any homestead right could not have accrued to him prior to the death of the mother on October 12, 1932. While the administrator's judgment was not entered until April 3, 1933, the

debt represented by this judgment was the balance due upon the four promissory notes and was contracted prior to the mother's death. The entire judgment in the sum of $3,068 was therefore based upon an indebtedness contracted prior to the accrual of any right of homestead. Under the statute, Code, section 10155, the homestead is, of course, liable for the debts antedating its acquisition, and when this debt was reduced to judgment on April 3, 1933, such judgment became a lien upon all the interest of Oscar Hofmann, including any homestead right which he might have in the real estate. Wertz v. Merritt, 74 Iowa 684, 39 N. W. 103; Therme v. Bethenoid, 106 Iowa 697, 77 N. W. 497; Solnar v. Solnar, 205 Iowa 701, 216 N. W. 288; James v. Weisman, 161 Iowa 488, 143 N. W. 428. As Oscar Hofmann was insolvent and had no other property out of which the judgment could be satisfied, he could not hold the homestead exempt as against the lien of the administrator's judgment.

When the partition action was started in August, 1933, the administrator's judgment for $3,068 was already a lien upon the interest of Oscar Hofmann, including any right of homestead which he might have had in the land. The interlocutory decree of November 25, 1933, did not, therefore, create the lien of this judgment. It merely established and confirmed in the partition proceeding, as against all the interest of Oscar Hofmann, including any right of homestead, in the land, the lien which already existed from the date of the entry of the judgment. This lien, having existed for more than four months prior to the adjudication in bankruptcy, was not affected by section 67f of the Bankruptcy Act, 11 USCA section 107 (f). See Meirkord v. Helming, 139 Iowa 437, 116 N. W. 785, and cases cited therein.

Even if the interlocutory decree of November 25, 1933, contained no adjudication as to Oscar Hofmann's homestead right, as contended by appellant, this would not have changed the fact that the administrator's judgment had been a lien upon all of his interest in the land, including any homestead right, since the date of its entry. Oscar Hofmann, however, had pleaded his claim to a homestead as a defense in the partition action. The opinion of the trial court discussed the question of homestead and expressly stated that Oscar Hofmann had no homestead rights as against the claim of Barbara Hofmann or her administrator for rents due for the years that he had occupied the premises, and that the lien of the administrator's judgment attached to all his interest in the real

1276

estate; and, while the decree did not contain any express finding or declaration as to homestead rights, it did find that said judgment was a lien on all the interest of Oscar Hofmann in the said real estate subject only to the liens of Frank B. Wilson under his confession of judgment and mortgage, and ordered that the claim of said judgment in the sum of $3,068 and costs be established against the share of Oscar Hofmann subject only to the prior liens thereon. We think that the interlocutory decree, therefore, did adjudicate that the administrator's judgment was a lien upon the interest of Oscar Hofmann in the land and was prior to any claim of homestead held by him. As subsequently modified by the supplemental decree, the appellant Frank Wilson was adjudicated to have no lien because of his mortgage for $1,500, and the administrator's lien under his judgment was declared to be subject only to the prior lien of Frank Wilson under his judgment for $250.

It is contended by appellants, however, that the order of the bankruptcy court setting off the homestead to Oscar Hofmann, which was entered on February 9, 1934, constituted an adjudication as to his homestead right which has not been appealed from and is therefore conclusive. With this contention we cannot agree. Under the bankruptcy act, the setting off of the homestead was merely an adjudication that, as to the creditors having no liens upon the property claimed as a homestead, the bankrupt was entitled to his homestead exemption, and did not amount to an adjudication as to what liens there might be against the homestead or the order in which said liens were entitled to priority. Moreover, the order setting off the homestead in bankruptcy contained the following express provisions:

"Nothing in this order shall be construed as in any way determining the validity of any judgment or any order of State Court either as a review of the same or as in any way attempting to modify or change any lien or incumbrance that may be on the property described herein whether said lien be held by the objecting creditor or any other person, this order merely determining that at the date of the filing of the petition in bankruptcy, the land described herein was the homestead of the bankrupt.

"The order being entered on the theory that it is the duty of the trustee to set off a homestead to the bankrupt, if under the facts he is entitled to the same, regardless of how it may be incumbered.

"It is further ordered that said W. R. Goodman, Agent is hereby authorized to enter any suit in State Court for the purpose of determining any validity of any claim which he may have against said real estate, or he may proceed with any suit which he may at this time have in State Court to the final determination thereof as to any lien which he may claim against said property."

Under the bankruptcy law and the express provisions of the order of the referee setting off the homestead, we think it apparent that there was no adjudication of a homestead right as against the judgment of the administrator, and that the lien of the administrator's judgment was neither voided nor in any way affected by this action of the bankruptcy court. Johnson v. Turnholt, 199 Iowa 1331, 203 N. W. 715.

It is further contended by appellants that, Oscar Hofmann having scheduled the administrator's judgment and received his discharge in the bankruptcy court, the debt represented by said judgment is barred and cannot be enforced by the administrator or offset against his share in the partition of the land. As the debt represented by the administrator's judgment, however, was a lien against all the interest of Oscar Hofmann in the real estate; as such lien had attached against all the interests of Oscar Hofmann on the 3d day of April, 1933; and as such judgment represented a debt which had accrued prior to the acquisition of any homestead right by Oscar Hofmann; it was a valid subsisting lien against all of his interest in the real estate, including any right of homestead, and it was not affected by his discharge in the bankruptcy court. The discharge in the bankruptcy court, it is true, would have barred any personal claim against Oscar Hofmann, and the administrator's judgment could not be enforced against any property on which it was not a lien. But, in so far as said judgment was a lien upon real estate of Oscar Hofmann, the discharge in bankruptcy in no way affected the right to enforce such lien. Johnson v. Turnholt, 199 Iowa 1331, 203 N. W. 715; Schwanz v. Farmers Co-op. Co., 204 Iowa 1273, 214 N. W. 491, 55 A. L. R. 644.

After the interlocutory decree in partition had been entered on November 25, 1933, the appellees on December 9, 1933, filed a motion for a supplemental decree. On December 14, 1933, the appellant Oscar Hofmann filed an application for a stay in which he alleged his adjudication in the bankruptcy court. On December 15, 1933, the court proceeded to take evidence on the appellees' motion

for a supplemental decree. Appellants complain of this action of the trial court and allege that such hearing was held without notice to the parties. We think it sufficiently appears that appellants were represented at said hearing by their attorneys who were present and took part therein. It is true that the Adair Savings Bank, to which Wilson's mortgage had been assigned prior to said hearing, was not present and was not represented by counsel. However, no adjudication was made affecting any rights of the bank, and it is not here complaining as to the action taken. We think the trial court was correct in holding that the lien of the administrator's judgment against the interest of Oscar Hofmann in the real estate should be subject only to the Wilson judgment for $250.

Nor do we think that the trial court was without the power to offset the defendant Oscar Hofmann's indebtedness to his mother's estate as against his interest in the real estate. The partition suit was an action in equity. We think it appears in the evidence that there was not sufficient personal property in his mother's estate so that Oscar Hofmann's indebtedness to the estate could be paid out of his share therein, and that Oscar Hofmann was insolvent. While the general rule is that the indebtedness of an heir cannot be set off against his interest in real property belonging to the estate, there are exceptions to this rule which are recognized in equity and have been approved by this court. One of these exceptions is where an heir or devisee is insolvent and the share of the insolvent in the personal property of the deceased is insufficient to pay the claim of the estate against such heir or devisee. Senneff v. Brackey, 165 Iowa 525, 146 N. W. 24, 1 A. L. R. 978; Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768; Schultz v. Locke, 204 Iowa 1127, 216 N. W. 617.

II. Pursuant to the order of the district court of Adair county entered February 14, 1934, the referees in partition brought an action in forcible entry and detainer against the appellants alleging that they were tenants under a lease which terminated on the 1st day of March, 1934, that they were holding over unlawfully after the termination of the term and had failed to pay rent under said lease when due, and asking that an order issue directing their removal. To this petition the defendants filed a demurrer, which was overruled, and then filed an answer in which they denied all the allegations of the petition not admitted, and admitted that they were in possession of the 40 acres claimed as a homestead, but that

they made no claim to any other part of said land. As a further defense they allege their right to the use and occupancy of said 40 acres as a homestead, that said land had been set off as a homestead by the bankruptcy court, that the plaintiffs have no right or authority to bring this action against them, and that, if such action is brought under any order of the district court of Adair county, Iowa, such court was without jurisdiction to make such order. To this answer the plaintiffs filed a motion to strike that part of the answer claiming a homestead under the order of the bankruptcy court and denying the authority of the plaintiffs to prosecute the action to remove them therefrom. Said motion was based upon the ground that the interlocutory decree of November 25, 1934, overruled any homestead right of the defendants; that the order of the district court of Adair county on February 14, 1934, directed plaintiffs as referees to take possession of the real estate for the year 1934 and was an adjudication that defendants were not entitled to the possession thereof; that the ruling of the district court of Adair county, Iowa, on defendants' motion to revise decree and expunge, directed the plaintiffs to proceed to carry out the order of the court entered on February 14, 1934; that the plaintiffs, in bringing this action, represent the cotenants and real parties in interest, and the court has adjudicated that the setting off of homestead by the bankruptcy court is no defense as against such cotenants; and that the allegations of the answer of defendants are no defense to the action of the plaintiffs. On hearing on the motion the defendants in open court withdrew the general denial contained in their answer. The answer as thus modified contained only the disclaimer of any interest in the real estate or the possession thereof except as to the 40 acres claimed as a homestead, the allegation that such 40 acres was held by them as a homestead under the order of the District Court of the United States for the Southern District of Iowa, and the allegation that plaintiffs have no right to remove them and the district court of Adair county had no jurisdiction to authorize such removal. The motion was treated as a demurrer by the parties and so considered by the court. The court found that the question of homestead had been adjudicated adversely to defendants as against the cotenants and consequently as against the plaintiffs in this action, that the matters set up in the answer do not constitute a defense, and that as against the plaintiffs the order of the bankruptcy court as to the homestead is immaterial and irrelevant to any issue in this

1280

case, and sustained the plaintiffs' motion to strike. The defendants in open court elected not to plead further and stood upon their answer, and the cause proceeded to trial. The court found that·the defendants were unlawfully holding possession of the real estate in question and ordered that a writ of ouster issue. The defendants appeal.

The action of forcible entry and detainer is an action at law, and as such is triable in this court on errors only which are stated and argued. One statement of errors relied on by appellants for reversal alleges that the court erred in directing the referees to remove appellant and family from their homestead; in overruling the demurrer filed by appellant to the petition of the referees; in sustaining the motion to strike the part of appellants' answer pleading his homestead; and in entering the decree ordering the writ of ouster. This statement does not specify for what reason the matters referred to are claimed to be erroneous, and the only other reference made to them in appellants' brief and argument is under the heading denominated "Points and Authorities". The failure of statement of the errors relied upon for reversal to set forth any reason why the matters referred to are claimed to be erroneous, and the absence of any argument to support the propositions thus stated, leaves us, under the rules of this court, with nothing to consider. We may say, however, that, since the answer of the defendants disclaimed any right to possession to any of the property except the 40 acres and based the right to occupy said 40 acres on the claim of a homestead set off by the bankruptcy court, and, since there was no denial of the allegations of the petition and no showing as to what evidence was presented in support thereof, we find nothing on which to base a reversal in this action.

Finding no ground for reversal in either the partition action or in the action of forcible entry and detainer, the decree and judgment and orders of the trial court in these actions are therefore affirmed.—Affirmed.

MITCHELL, C. J., and EVANS, STEVENS, and KINDIG, JJ., concur.